John Ernest STELBACKY, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–99–0416–CR.

Court of Appeals of Texas, Amarillo.

May 18, 2000.

Rehearing Overruled Aug. 9, 2000.

C.J. McElroy, Amarillo, for appellant.

James Farren, Crim. Dist. Atty., Canyon (Harry Ingram, Asst. Crim. Dist. Atty.), for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON.

DON H. REAVIS, Justice.

Appellant, John Ernest Stelbacky, contests the denial of his application for writ of habeas corpus challenging the legality of his arrest under a governor's warrant. In presenting this appeal, counsel has filed an *Anders* brief in support of a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based upon the rationale expressed herein, the motion to withdraw is granted and we affirm the trial court's denial of appellant's application for writ of habeas corpus.

On July 6, 1999, appellant pled guilty to the state jail felony offense of theft over $1,500 and under $20,000 and was sentenced to one-year confinement. At the request of the State of Nebraska, a hold was placed on appellant until a governor's warrant was issued by the State of Texas for the extradition of appellant to Nebraska. Appellant filed an application for writ of habeas corpus challenging the legality of arrest under the governor's warrant. After hearing evidence and argument of counsel, the trial court denied appellant's application. Appellant now appeals the trial court's denial of his application for writ of habeas corpus.

### Anders Analysis

Before addressing the merits of appellant's case, we first discuss our obligations concerning the accompanying *Anders* brief. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). In support of her motion to withdraw, counsel has certified that, in compliance with *Anders v. California*, 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137, 137–38 (Tex.Cr.App.1969), she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Thus, she concludes the appeal is frivolous and without merit. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex.Cr.App.1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.

Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* brief if he desires to do so. Appellant has filed a *pro se* brief in response to his counsel's *Anders* brief.

■ The State contends that if a *pro se* appellant's brief does not comply with the rules of appellate procedure, appellant's complaint is not preserved for our review. *Burks v. State*, 876 S.W.2d 877, 901 (Tex. Cr.App.1994), *cert. denied,* 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). We agree that a *pro se* appellant's brief must comply with the rules of appellate procedure; however, we do not agree that appellant's *pro se* response to an *Anders* brief is within the contemplation of the rules of appellate procedure. *See* Tex. R.App. P. 38.1.

■ In order to proceed *pro se,* an appellant must "knowingly and intelligently" forgo the benefits associated with the right to counsel. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *see also Ex parte Thomas,* 906 S.W.2d 22, 24 (Tex.Cr.App. 1995), *cert. denied,* 518 U.S. 1021, 116 S.Ct. 2556, 135 L.Ed.2d 1074 (1996) (holding the right of an accused to reject the services of counsel and instead represent himself extends beyond trial and into the appellate process, but it is incumbent upon an ac-

cused to clearly and unequivocally inform the court of his desire to prosecute his appeal without the aid of counsel); *Hubbard v. State*, 739 S.W.2d 341, 343 (Tex.Cr. App.1987) (stating if the record does not reflect that an accused clearly and unequivocally informed the court of his desire to prosecute his appeal without the aid of counsel, the appellant does not represent himself in the appeal). An appellant who wishes to proceed *pro se* should be made aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541.

The record in this case does not show that appellant knowingly and intelligently waived the right to counsel. Nor does the record show that appellant was made aware of the dangers and disadvantages of self-representation. The record does show that appellant was represented by court-appointed counsel on appeal and that appellant's counsel filed a motion to withdraw supported by an *Anders* brief, in which she contends that this appeal is frivolous and without merit. Court-appointed counsel's motion to withdraw has not yet been granted. *See Henry v. State*, 948 S.W.2d 338, 340 (Tex.App.—Dallas 1997, no pet.), citing *Johnson v. State*, 885 S.W.2d 641, 647 (Tex.App.—Waco 1994, pet. ref'd) (holding that a court of appeals cannot act on attorney's motion to withdraw before determining whether the appeal is, in fact, frivolous; by granting the motion to withdraw, the court is ruling that the defendant does not have a right to have an attorney represent him on appeal). There is no right to hybrid representation in Texas. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Cr.App. [Panel Op.] 1981). Appellant, therefore, does not yet represent himself in this appeal.

In response to counsel's motion to withdraw, appellant filed a *pro se* response, alleging what he deems to be several arguable points of error. *Stafford v.* *State*, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991) (holding that an appellant is afforded an opportunity to respond to an *Anders* brief, and if arguable grounds are apparent, the court of appeals must then abate the appeal and remand the case to the trial court with orders to appoint other counsel or allow the appellant to proceed *pro se* if he so desires). For reasons that follow, appellant's *pro se* response is not a brief within the contemplation of rule 38.1 of the Texas Rules of Appellate Procedure.

Rule 38.1 of the Texas Rules of Appellate Procedure does not apply to a *pro se* response to an *Anders* brief in support of a motion to withdraw. This is true even if it is characterized as a *pro se* brief. By its own terms, Rule 38.1 applies to a brief that argues the facts and law. The purpose of a Rule 38.1 brief is to acquaint the court with the points relied upon, the manner in which they arose, together with such argument of facts and law as will enable the court to decide the same.

On the other hand, the purpose of a *pro se* response to an *Anders* brief is to raise sufficiently any points the indigent appellant chooses to bring to the attention of the court and thereby obligate the court to proceed with a full examination of the record to determine whether the points raised are wholly frivolous or are arguable on their merits. If the court determines the points are arguable points, it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kindley v. State*, 879 S.W.2d 261, 264 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (holding that a *pro se* appellant, unrepresented by counsel, is not entitled to "special treatment," is held to the same standards as licensed attorneys, and must comply with the briefing rules of Tex. R.App. P. 38.1); *Ford v. State*, 870 S.W.2d 155, 158 (Tex.App.—San Antonio 1993, pet. ref'd) (holding that a *pro se* defendant must comply with the rules of evidence

and criminal procedure and receives no special consideration by the court). Because the *pro se* response of appellant is not a brief within the contemplation of rules of appellate procedure, the requirements of these rules do not apply.

### Appellant's Appeal

By the *Anders* brief, appellant's counsel raises arguable grounds for appeal, but concedes that no reversible error is presented. Counsel contends (1) the documents accompanying the requisition from the State of Nebraska contains incorrect information that invalidates the Governor's Warrant; (2) the Governor's Warrant issued by the State of Nebraska fails to allege a crime; and (3) double jeopardy applies to the Nebraska warrant.

The only vehicle for testing the legality of a governor's warrant is through the filing of an application for writ of habeas corpus. *Ex parte Chapman*, 601 S.W.2d 380 (Tex.Cr.App.1980). Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can only decide (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 543 (Tex.Cr.App. 1991). The courts of the asylum state (Texas) are "without authority to consider equitable issues." *Id.*

A governor's grant of extradition is prima facie evidence that constitutional and statutory requirements have been met. *Doran*, 439 U.S. at 289, 99 S.Ct. at 535. If the governor's warrant is regular on its face, the burden shifts to the accused to show the warrant was not legally issued, not based on proper authority, or contains inaccurate recitals. *Ex parte*

*Cain*, 592 S.W.2d 359, 362 (Tex.Cr.App. 1980).

Our review of the denial of habeas corpus relief in an extradition proceeding is limited to the following issues: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Doran*, 439 U.S. at 289, 99 S.Ct. at 535; *Ex parte Flores*, 548 S.W.2d 31, 32 (Tex.Cr.App.1977); *Ex parte Lopez*, 988 S.W.2d 788, 789 (Tex.App.— San Antonio 1999, no pet.).

We first address appellant's double jeopardy claim. The question of whether or not appellant will be placed in double jeopardy is not properly before us and is an issue that has to be determined by the demanding state, in this case Nebraska. *Ex parte Gideon*, 493 S.W.2d 156, 157 (Tex.Cr.App.1973). Therefore, for our purposes, any claim by appellant that he will be placed in double jeopardy is frivolous.

Appellant also attempts to rebut the prima facie showing made by the Governor's Warrant by claiming that the documents accompanying the requisition from the State of Nebraska contain incorrect information and fail to allege a crime, either of which would invalidate the warrant. We recognize the documents included in an extradition request "must substantially charge the person demanded with having committed a crime under the law" of the demanding state. Tex.Code Crim. Proc. Ann. art. 51.13, § 3 (Vernon 1979). However, the rule in Texas is well established that unless the charging instrument is clearly void, its validity constitutes a question for the courts of the demanding state. *Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex.Cr.App.1974).

We find that the documents accompanying the requisition from the State of Nebraska are valid and that the documents

issued by the State of Nebraska substantially charge appellant with the crime of failure to appear. Whether Nebraska can successfully prosecute appellant on this offense is a matter that must be determined by a court in that jurisdiction. *Ex parte Gray*, 426 S.W.2d 241, 242 (Tex.Cr.App. 1968).

We have also made an independent examination of the entire record to determine whether there are any arguable grounds that might support this appeal. See *Penson*, 488 U.S. at 80, 109 S.Ct. at 350; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Cr.App.1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974); *Lacy v. State*, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972). Upon reviewing appellant's pro se brief, we likewise find no arguable grounds for appeal.

Accordingly, counsel's motion to withdraw is hereby granted and the trial court's denial of appellant's application for a writ of habeas corpus is affirmed.