NO. 07-01-0267-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 17, 2001



______________________________




STEVE D. MCNEAL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431348; HONORABLE JIM B. DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR HEARING TO ADDUCE FACTS NOT LISTED IN RECORD


 Appellant Steve D. McNeal was charged with the offense of assault on a public
servant. Pursuant to a plea bargain agreement, he pled guilty and was sentenced to five
years imprisonment in the Institutional Division of the Department of Criminal Justice. 
Appellant timely filed a pro se notice of appeal from that conviction and requested the
appointment of counsel. We then abated the appeal so that the trial court could appoint
counsel to represent appellant. Counsel was appointed for appellant and that counsel
filed a motion for new trial with the trial court, which was denied. Counsel has since filed
an appellate brief on appellant's behalf.

 Appellant has now filed a pro se motion for hearing to adduce facts not shown in the
record. He seeks by this hearing to learn (1) if competency issues were suppressed from
the trial judge, (2) if his initial trial counsel surrendered to his subsequent trial counsel
relevant documents in his file, (3) if his trial counsel gave false or misleading information
to the trial judge concerning appellant's competency, (4) if his trial counsel filed any pretrial
motions, served subpoenas, gathered information, interviewed witnesses, examined
physical evidence, performed legal research, and prepared reports, (5) if his trial counsel's
conduct deprived him of an informed and voluntary plea, (6) if documents were removed
from the clerk's record illegally, (7) if he received effective assistance of counsel, and (8)
if "all these issues may amount to a farce and mockery of justice." Appellant complains
that his appellate counsel does not consider these issues important.

 A defendant is not entitled to hybrid representation, and thus may not proceed pro
se and be represented by counsel at the same time. Rudd v. State, 616 S.W.2d 623, 625
(Tex.Crim.App. 1981); Stelbacky v. State, 22 S.W.3d 583, 586 (Tex.App.--Amarillo 2000,
no pet.). Appellant requested and was appointed counsel to represent him on appeal. We
are therefore not required to consider his pro se motion for hearing. However, we note
parenthetically that appellant's counsel has raised as an issue on appeal whether the trial
court erred in failing to hold a hearing on his motion for new trial, which motion asserted
matters of ineffective assistance of counsel, the court's rulings on appellant's pretrial
motions, appellant's competency and the voluntariness of his plea, and the failure of due
process due to a lack of speedy trial. Appellant's counsel has also raised the issue of
whether the trial court erred in ruling on the motions of trial counsel to withdraw without a
hearing conducted in the presence of appellant. Thus, it seems that appellate counsel has
brought forth on appeal many of the concerns raised by appellant.

 For the reasons set forth, we overrule appellant's motion for a hearing to adduce
facts not in the record. 

 Per Curiam

Do not publish.


V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16650-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINIONAppellant Robert Paul Bowers appeals from his conviction of the offense of
indecency with a child and the resulting sentence of eighteen years confinement in the
Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has
filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008), and
certifies that there are no non-frivolous issues to appeal. Agreeing with appointed
counsel’s conclusion the record fails to show any arguably meritorious issue that could
support the appeal, we affirm the trial court’s judgment. 
          In December 2004, appellant was indicted for the offense of indecency with a child.


 
He retained counsel. In July 2007, the matter proceeded to jury trial wherein the State
presented evidence to show that in July 2004 eleven-year-old V.H. was staying overnight
with other children in an apartment appellant also occupied with his wife. V.H., fourteen
by the time of trial, testified that during the night she awoke to find appellant in the room,
removing his hand from under her shorts. V.H. testified that after leaving the room briefly,
appellant returned, lay down beside her and made V.H. wrap her hand around his penis. 
He then covered her hand with his and moved back and forth until another child in the room
appeared to wake. When V.H. resisted his further attentions, appellant kissed her on the
lips and left the room. V.H.’s aunt testified that several months later, while they were
discussing V.H.’s upcoming birthday celebration, V.H. told her what appellant did to her. 
The aunt’s testimony of V.H.’s statement to her was consistent with V.H.’s version of the
events of the incident. Additional evidence, including a video-recorded interview of V.H.,



was introduced that was consistent with V.H.’s trial testimony.
 
          Appellant’s statement to police was entered into evidence at trial. In that statement,
appellant contends that on the night in question, he came into the bedroom where the girls
were sleeping to check on them. According to appellant, V.H. woke up, reached out, and
put her hand on his penis. He said he instantly pulled away and told her that her curiosity
would get her into trouble and that she had a long life ahead of her that she did not want
to ruin. He stated he left the room and went to bed by himself.
          Following the presentation of the evidence, the jury found appellant guilty as charged
in the indictment and sentenced him to imprisonment for a term of eighteen years. 
Appellant timely filed his notice of appeal.
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which he certifies that he has diligently reviewed the
record and, in his professional opinion, under the controlling authorities and facts of this
case, there is no reversible error or legitimate grounds on which a non-frivolous appeal
arguably can be predicated. The brief discusses the procedural history of the case and
appellant’s jury trial. Counsel has identified potential issues, and setting forth the applicable
law, describes why the issues are not arguably meritorious. Counsel has certified that a
copy of the Anders brief and motion to withdraw have been served on appellant, and that
counsel has advised appellant of his right to review the record and file a pro se response.
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this
Court also notified appellant of his opportunity to submit a response to the Anders brief and
motion to withdraw filed by his counsel. Appellant has filed a response in which he raises
three issues.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
           In his brief, counsel first notes the possibility that appellant might argue he had
received ineffective assistance of counsel in these proceedings. See Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State,
726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of
counsel). We agree with counsel that the record contains no support for such a contention. 
          Counsel then discusses the legal and factual sufficiency of the evidence presented
at trial to support appellant’s conviction for indecency with a child. Appellant raises the
same in his response. Following an analysis of the evidence presented and the applicable
law, counsel concludes the evidence presented was both legally and factually sufficient to
support appellant’s conviction. After a complete review of the record, we agree with
appellate counsel that the grounds identified do not arguably support an appeal.
 
          In his response, appellant raises a potential issue not raised by appellate counsel. 
Appellant contends the State engaged in improper jury argument during both phases of his
trial. In discussing this issue, appellant’s response points to the testimony of certain
witnesses and contends the testimony was false. It is the province of the jury to resolve or
reconcile conflicts in testimony, and the jury is privileged to believe all, some or none of the
testimony of any particular witness. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.Crim.App.
2000); Washington v. State, 215 S.W.3d 551, 553 (Tex.App.–Texarkana 2007, no pet.). 
Appellant’s response also references the prosecutor’s opening and closing arguments and 
asserts that the State utilized argument to place prejudicial matters that were outside the
record before the jury. Appellant further argues that the State aroused passion and
prejudices of the jury and invited speculation of the jury by making certain arguments. 
There are four generally recognized areas of proper jury argument: (1) summation of the
evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer
to the opposing counsel’s argument; or (4) a plea for law enforcement. Jackson v. State,
17 S.W.3d 664, 673 (Tex.Crim.App. 2000). After reviewing the record in its entirety, we do
not find the grounds identified by appellant arguably support an appeal.
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. We agree it
presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion
to withdraw


 and affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice

 
 
 
 
 
Do not publish.