NO. 07-01-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 17, 2001

_____

STEVE D. MCNEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431348; HONORABLE JIM B. DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR HEARING TO ADDUCE FACTS NOT LISTED IN RECORD

Appellant Steve D. McNeal was charged with the offense of assault on a public servant. Pursuant to a plea bargain agreement, he pled guilty and was sentenced to five years imprisonment in the Institutional Division of the Department of Criminal Justice. Appellant timely filed a pro se notice of appeal from that conviction and requested the

appointment of counsel. We then abated the appeal so that the trial court could appoint counsel to represent appellant. Counsel was appointed for appellant and that counsel filed a motion for new trial with the trial court, which was denied. Counsel has since filed an appellate brief on appellant's behalf.

Appellant has now filed a pro se motion for hearing to adduce facts not shown in the record. He seeks by this hearing to learn (1) if competency issues were suppressed from the trial judge, (2) if his initial trial counsel surrendered to his subsequent trial counsel relevant documents in his file, (3) if his trial counsel gave false or misleading information to the trial judge concerning appellant's competency, (4) if his trial counsel filed any pretrial motions, served subpoenas, gathered information, interviewed witnesses, examined physical evidence, performed legal research, and prepared reports, (5) if his trial counsel's conduct deprived him of an informed and voluntary plea, (6) if documents were removed from the clerk's record illegally, (7) if he received effective assistance of counsel, and (8) if "all these issues may amount to a farce and mockery of justice." Appellant complains that his appellate counsel does not consider these issues important.

A defendant is not entitled to hybrid representation, and thus may not proceed pro se and be represented by counsel at the same time. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim.App. 1981); *Stelbacky v. State*, 22 S.W.3d 583, 586 (Tex.App.--Amarillo 2000, no pet.). Appellant requested and was appointed counsel to represent him on appeal. We are therefore not required to consider his pro se motion for hearing. However, we note

2

parenthetically that appellant's counsel has raised as an issue on appeal whether the trial court erred in failing to hold a hearing on his motion for new trial, which motion asserted matters of ineffective assistance of counsel, the court's rulings on appellant's pretrial motions, appellant's competency and the voluntariness of his plea, and the failure of due process due to a lack of speedy trial. Appellant's counsel has also raised the issue of whether the trial court erred in ruling on the motions of trial counsel to withdraw without a hearing conducted in the presence of appellant. Thus, it seems that appellate counsel has brought forth on appeal many of the concerns raised by appellant.

For the reasons set forth, we overrule appellant's motion for a hearing to adduce facts not in the record.

Per Curiam

Do not publish.

3