NO. 07-00-0548-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 17, 2001



______________________________




RICKY SOLOMON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-99A-006; HONORABLE DAVID WESLEY GULLEY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Ricky Solomon pled guilty to the offense of aggravated assault and
requested the jury to assess his punishment. The jury found that appellant used a deadly
weapon during the commission of the offense and sentenced him to 20 years confinement
in the Institutional Division of the Department of Criminal Justice and a fine of $10,000. 
Appellant gave timely notice of appeal from that conviction. 

 Appellant's counsel has now filed a motion to withdraw, along with a brief in which
he certifies that after diligently searching the record, he is convinced that no reversible
error exists and the appeal is without merit. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have also been furnished with a copy of
a letter in which he notified appellant that, after a search of both the record and the law,
he is convinced there is no reversible error. He also notified appellant of his right to
review the record and to file a pro se brief if he so desired. Appellant filed a lengthy
document with this court in which he asserted he needed a copy of the record and also
referred to a number of complaints with respect to his trial and the performance of his trial
counsel. That document does not contain citations to any legal authority, although there
are some citations to the record where appellant attempts to refute testimony provided by
other witnesses at trial. This court thereafter notified appellant that if he needed a copy
of the record, he should contact the District Clerk of Deaf Smith County, and that the time
to file his pro se brief was extended to June 29, 2001. No such brief has been filed. 

 In considering constitutional concerns of this type, we face two interrelated tasks
as we consider counsel's motion to withdraw. We must first satisfy ourselves that the
attorney has provided the client with a diligent and thorough search of the record for any
arguable claims that might support the client's appeal, and then we must determine
whether counsel has correctly concluded the appeal is frivolous. See McCoy v. Court of
Appeals of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Appellant's counsel has reviewed
the indictment, the pretrial motions, voir dire, the warnings given to appellant with respect
to his guilty plea, appellant's plea, the evidence at the punishment phase of the trial, and
the charge, and states why he believes there is no reversible error. 

 The purpose of a pro se response to an Anders brief is to sufficiently raise any
points appellant chooses to bring to the attention of the court so that we may determine
if the points are arguable on their merits. Stelbacky v. State, 22 S.W.3d 583, 586
(Tex.App. --Amarillo 2000, no pet.). Therefore, construing that document as best we can,
we will discuss matters raised in that document, even though there are no specific issues
presented and no citation to legal authority. We also have an independent duty to
examine the record and determine whether there are any arguable grounds which might
support an appeal. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 In his response, appellant attempts to paraphrase portions of the testimony at trial
and then provide his own version of those facts. In essence, appellant attempts to allege
that the testimony of various witnesses is false. However, inconsistencies between
appellant's testimony and that of other witnesses was for the jury to resolve, because they
are the exclusive judge of the credibility of the witnesses and the weight to be given their
testimony. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Appellant
testified often in a narrative manner at the punishment hearing and had the opportunity to
refute the testimony of the other witnesses at that time. Moreover, to the extent appellant
attempts to state evidence not in the record, we may not consider it.

 Appellant argues that one of the jurors worked with the victim at a nursing home and
knew about the case, which is "grounds for a mistrial." He does not state the name of that
particular juror. The record shows that juror Mendiola had worked with the victim and had
been told by her about the case. The juror was excused from service for that reason.

 Appellant further complains that he wanted to defend himself at trial and was not
allowed to by his attorney and the prosecutor. The record shows that appellant was
represented by counsel at trial and there is no request by appellant in the record that he
be allowed to defend himself. Further, appellant was admonished as to his guilty plea and
stated he understood that if he pled guilty, the jury would be instructed to find him guilty
and they would then assess his punishment. He also stated he had not been promised
anything and was not being made to plead guilty. He affirmed there was no plea bargain
and the State had not promised anything with regard to his plea of guilty and that he
understood the range of punishment was from two years to 20 years, with an optional fine
up to $10,000, and that if he was assessed more than ten years, he would not be eligible
for probation. As already stated, during the punishment phase of the trial, appellant spent
considerable time on the witness stand, during which he provided narrative testimony, and
thus had an opportunity to present his story. None of these facts support appellant's
complaint. 

 Appellant now also attempts to allege he did not really understand what he was
doing and that he wanted to plead guilty to having acted recklessly, but not to having acted
intentionally or knowingly. Even if true, a finding that appellant acted recklessly is
sufficient to support the offense. See Tex. Pen. Code Ann. §§ 22.01(a)(1)and 22.02(a)
(Vernon Supp. 2001 and Vernon 1994). Appellant also claims that he did not accept a
plea bargain agreement because his attorney told him he could get him five years and
because he and the complainant had sexual relations after he had been charged with the
offense, so he believed she would tell the truth. However, appellant pled guilty without the
benefit of a plea bargain, and there is no evidence in the record that a plea bargain was
ever offered.

 Appellant also complains that his counsel failed to investigate the case, but does
not state what information his attorney should have found and how that information would
have assisted his defense. With respect to alleged prior instances of abuse of the
complainant, appellant claims there "are witnesses, but my lawyer failed to get them." 
However, appellant does not state the names of those witnesses, other than his sister. He
also fails to state what the testimony of those witnesses would have been, that the
witnesses were available, and that there was a reasonable probability the outcome of the
case would have been different if they had testified. See Cardenas v. State, 30 S.W.3d
384, 392 (Tex.Crim.App. 2000). 

 Appellant further alleges that he did not waive his motion to suppress and that his
attorney "made the decision without me" and he was not present when that waiver took
place. Nevertheless, as already noted, appellant pled guilty to the charged offense. 
Therefore, we fail to see any harm in the waiver of the motion to suppress appellant's
written statement. Moreover, the record shows that, just prior to counsel waiving the
motion to suppress, appellant was asked by the court if he wished to plead guilty to the
charge of aggravated assault with a deadly weapon and to proceed to trial on punishment,
to which he responded affirmatively. Thus, contrary to his assertion, he was in attendance
at the time the motion to suppress was waived. 

 Finally, in an outline attached to the back of his response, appellant has listed
several additional "possible grounds" of appeal. To the extent it can be said from this
shorthand list that appellant has even raised the issues of an improper arraignment, an
improper indictment because the actual statute is not cited therein, a failure to provide
appellant with a speedy trial, and an improper racial balance to the jury, the record shows
that arraignment was waived by appellant, the indictment meets the requirements of article
21.01 et seq. of the Code of Criminal Procedure, the State announced ready for trial one
day after the date of the indictment, and there is nothing in the record to indicate the racial
makeup of the jury. 

 Finding no arguable grounds to support the appeal, we grant the motion to withdraw
and affirm the judgment of the trial court. 


 John T. Boyd

 Chief Justice


Do not publish.