NO. 07-00-0548-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 17, 2001

_____

RICKY SOLOMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-99A-006; HONORABLE DAVID WESLEY GULLEY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ricky Solomon pled guilty to the offense of aggravated assault and requested the jury to assess his punishment. The jury found that appellant used a deadly weapon during the commission of the offense and sentenced him to 20 years confinement in the Institutional Division of the Department of Criminal Justice and a fine of $10,000. Appellant gave timely notice of appeal from that conviction.

Appellant's counsel has now filed a motion to withdraw, along with a brief in which he certifies that after diligently searching the record, he is convinced that no reversible error exists and the appeal is without merit. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have also been furnished with a copy of a letter in which he notified appellant that, after a search of both the record and the law, he is convinced there is no reversible error. He also notified appellant of his right to review the record and to file a pro se brief if he so desired. Appellant filed a lengthy document with this court in which he asserted he needed a copy of the record and also referred to a number of complaints with respect to his trial and the performance of his trial counsel. That document does not contain citations to any legal authority, although there are some citations to the record where appellant attempts to refute testimony provided by other witnesses at trial. This court thereafter notified appellant that if he needed a copy of the record, he should contact the District Clerk of Deaf Smith County, and that the time to file his pro se brief was extended to June 29, 2001. No such brief has been filed.

In considering constitutional concerns of this type, we face two interrelated tasks as we consider counsel's motion to withdraw. We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claims that might support the client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Appellant's counsel has reviewed

2

the indictment, the pretrial motions, voir dire, the warnings given to appellant with respect to his guilty plea, appellant's plea, the evidence at the punishment phase of the trial, and the charge, and states why he believes there is no reversible error.

The purpose of a pro se response to an *Anders* brief is to sufficiently raise any points appellant chooses to bring to the attention of the court so that we may determine if the points are arguable on their merits. *Stelbacky v. State*, 22 S.W.3d 583, 586 (Tex.App. --Amarillo 2000, no pet.). Therefore, construing that document as best we can, we will discuss matters raised in that document, even though there are no specific issues presented and no citation to legal authority. We also have an independent duty to examine the record and determine whether there are any arguable grounds which might support an appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

In his response, appellant attempts to paraphrase portions of the testimony at trial and then provide his own version of those facts. In essence, appellant attempts to allege that the testimony of various witnesses is false. However, inconsistencies between appellant's testimony and that of other witnesses was for the jury to resolve, because they are the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Appellant testified often in a narrative manner at the punishment hearing and had the opportunity to refute the testimony of the other witnesses at that time. Moreover, to the extent appellant attempts to state evidence not in the record, we may not consider it.

Appellant argues that one of the jurors worked with the victim at a nursing home and knew about the case, which is "grounds for a mistrial." He does not state the name of that particular juror. The record shows that juror Mendiola had worked with the victim and had been told by her about the case. The juror was excused from service for that reason.

Appellant further complains that he wanted to defend himself at trial and was not allowed to by his attorney and the prosecutor. The record shows that appellant was represented by counsel at trial and there is no request by appellant in the record that he be allowed to defend himself. Further, appellant was admonished as to his guilty plea and stated he understood that if he pled guilty, the jury would be instructed to find him guilty and they would then assess his punishment. He also stated he had not been promised anything and was not being made to plead guilty. He affirmed there was no plea bargain and the State had not promised anything with regard to his plea of guilty and that he understood the range of punishment was from two years to 20 years, with an optional fine up to $10,000, and that if he was assessed more than ten years, he would not be eligible for probation. As already stated, during the punishment phase of the trial, appellant spent considerable time on the witness stand, during which he provided narrative testimony, and thus had an opportunity to present his story. None of these facts support appellant's complaint.

Appellant now also attempts to allege he did not really understand what he was doing and that he wanted to plead guilty to having acted recklessly, but not to having acted

4

intentionally or knowingly. Even if true, a finding that appellant acted recklessly is sufficient to support the offense. *See* Tex. Pen. Code Ann. §§ 22.01(a)(1)and 22.02(a) (Vernon Supp. 2001 and Vernon 1994). Appellant also claims that he did not accept a plea bargain agreement because his attorney told him he could get him five years and because he and the complainant had sexual relations after he had been charged with the offense, so he believed she would tell the truth. However, appellant pled guilty without the benefit of a plea bargain, and there is no evidence in the record that a plea bargain was ever offered.

Appellant also complains that his counsel failed to investigate the case, but does not state what information his attorney should have found and how that information would have assisted his defense. With respect to alleged prior instances of abuse of the complainant, appellant claims there "are witnesses, but my lawyer failed to get them." However, appellant does not state the names of those witnesses, other than his sister. He also fails to state what the testimony of those witnesses would have been, that the witnesses were available, and that there was a reasonable probability the outcome of the case would have been different if they had testified. *See Cardenas v. State*, 30 S.W.3d 384, 392 (Tex.Crim.App. 2000).

Appellant further alleges that he did not waive his motion to suppress and that his attorney "made the decision without me" and he was not present when that waiver took place. Nevertheless, as already noted, appellant pled guilty to the charged offense.

5

Therefore, we fail to see any harm in the waiver of the motion to suppress appellant's written statement. Moreover, the record shows that, just prior to counsel waiving the motion to suppress, appellant was asked by the court if he wished to plead guilty to the charge of aggravated assault with a deadly weapon and to proceed to trial on punishment, to which he responded affirmatively. Thus, contrary to his assertion, he was in attendance at the time the motion to suppress was waived.

Finally, in an outline attached to the back of his response, appellant has listed several additional "possible grounds" of appeal. To the extent it can be said from this shorthand list that appellant has even raised the issues of an improper arraignment, an improper indictment because the actual statute is not cited therein, a failure to provide appellant with a speedy trial, and an improper racial balance to the jury, the record shows that arraignment was waived by appellant, the indictment meets the requirements of article 21.01 *et seq.* of the Code of Criminal Procedure, the State announced ready for trial one day after the date of the indictment, and there is nothing in the record to indicate the racial makeup of the jury.

Finding no arguable grounds to support the appeal, we grant the motion to withdraw and affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.

6