NO. 07-05-0142-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 29, 2005



______________________________




TERRY L. MATTHEWS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;



NO. 2004-487343; HONORABLE L.B. RUSTY LADD, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant Terry L. Matthews was convicted by a jury
of driving while intoxicated, enhanced by a prior conviction for driving while intoxicated, and
punishment was assessed at 120 days confinement in the county jail. Both the clerk's
record and reporter's record have been filed. Appellant's brief was originally due to be filed
on August 24, 2005. Three extensions of time have been granted and the brief has yet to
be filed. Retained counsel was notified by letter dated October 25, 2005, that failure to file
the brief by November 9, 2005, would result in application of Rule 38.8(b) of the Texas
Rules of Appellate Procedure. Counsel did not respond and the brief remains outstanding.

 Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent and entitled to appointed counsel;

 3. whether retained counsel for appellant has abandoned the appeal;
and 

 4. whether appellant has been denied effective assistance of counsel 

 given counsel's failure to file a brief.


The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and the court determines that present counsel
should be replaced, the name, address, telephone number, and state bar number of the
newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. 
Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary
orders it may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental record of the
hearing shall also be included in the appellate record. Finally, the trial court shall file the
supplemental clerk's record and the supplemental reporter's record with the Clerk of this
Court by Friday, December 30, 2005.

 It is so ordered.


 Per Curiam



Do not publish.

 



ndictment, the pretrial motions, voir dire, the warnings given to appellant with respect
to his guilty plea, appellant's plea, the evidence at the punishment phase of the trial, and
the charge, and states why he believes there is no reversible error. 

 The purpose of a pro se response to an Anders brief is to sufficiently raise any
points appellant chooses to bring to the attention of the court so that we may determine
if the points are arguable on their merits. Stelbacky v. State, 22 S.W.3d 583, 586
(Tex.App. --Amarillo 2000, no pet.). Therefore, construing that document as best we can,
we will discuss matters raised in that document, even though there are no specific issues
presented and no citation to legal authority. We also have an independent duty to
examine the record and determine whether there are any arguable grounds which might
support an appeal. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 In his response, appellant attempts to paraphrase portions of the testimony at trial
and then provide his own version of those facts. In essence, appellant attempts to allege
that the testimony of various witnesses is false. However, inconsistencies between
appellant's testimony and that of other witnesses was for the jury to resolve, because they
are the exclusive judge of the credibility of the witnesses and the weight to be given their
testimony. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Appellant
testified often in a narrative manner at the punishment hearing and had the opportunity to
refute the testimony of the other witnesses at that time. Moreover, to the extent appellant
attempts to state evidence not in the record, we may not consider it.

 Appellant argues that one of the jurors worked with the victim at a nursing home and
knew about the case, which is "grounds for a mistrial." He does not state the name of that
particular juror. The record shows that juror Mendiola had worked with the victim and had
been told by her about the case. The juror was excused from service for that reason.

 Appellant further complains that he wanted to defend himself at trial and was not
allowed to by his attorney and the prosecutor. The record shows that appellant was
represented by counsel at trial and there is no request by appellant in the record that he
be allowed to defend himself. Further, appellant was admonished as to his guilty plea and
stated he understood that if he pled guilty, the jury would be instructed to find him guilty
and they would then assess his punishment. He also stated he had not been promised
anything and was not being made to plead guilty. He affirmed there was no plea bargain
and the State had not promised anything with regard to his plea of guilty and that he
understood the range of punishment was from two years to 20 years, with an optional fine
up to $10,000, and that if he was assessed more than ten years, he would not be eligible
for probation. As already stated, during the punishment phase of the trial, appellant spent
considerable time on the witness stand, during which he provided narrative testimony, and
thus had an opportunity to present his story. None of these facts support appellant's
complaint. 

 Appellant now also attempts to allege he did not really understand what he was
doing and that he wanted to plead guilty to having acted recklessly, but not to having acted
intentionally or knowingly. Even if true, a finding that appellant acted recklessly is
sufficient to support the offense. See Tex. Pen. Code Ann. §§ 22.01(a)(1)and 22.02(a)
(Vernon Supp. 2001 and Vernon 1994). Appellant also claims that he did not accept a
plea bargain agreement because his attorney told him he could get him five years and
because he and the complainant had sexual relations after he had been charged with the
offense, so he believed she would tell the truth. However, appellant pled guilty without the
benefit of a plea bargain, and there is no evidence in the record that a plea bargain was
ever offered.

 Appellant also complains that his counsel failed to investigate the case, but does
not state what information his attorney should have found and how that information would
have assisted his defense. With respect to alleged prior instances of abuse of the
complainant, appellant claims there "are witnesses, but my lawyer failed to get them." 
However, appellant does not state the names of those witnesses, other than his sister. He
also fails to state what the testimony of those witnesses would have been, that the
witnesses were available, and that there was a reasonable probability the outcome of the
case would have been different if they had testified. See Cardenas v. State, 30 S.W.3d
384, 392 (Tex.Crim.App. 2000). 

 Appellant further alleges that he did not waive his motion to suppress and that his
attorney "made the decision without me" and he was not present when that waiver took
place. Nevertheless, as already noted, appellant pled guilty to the charged offense. 
Therefore, we fail to see any harm in the waiver of the motion to suppress appellant's
written statement. Moreover, the record shows that, just prior to counsel waiving the
motion to suppress, appellant was asked by the court if he wished to plead guilty to the
charge of aggravated assault with a deadly weapon and to proceed to trial on punishment,
to which he responded affirmatively. Thus, contrary to his assertion, he was in attendance
at the time the motion to suppress was waived. 

 Finally, in an outline attached to the back of his response, appellant has listed
several additional "possible grounds" of appeal. To the extent it can be said from this
shorthand list that appellant has even raised the issues of an improper arraignment, an
improper indictment because the actual statute is not cited therein, a failure to provide
appellant with a speedy trial, and an improper racial balance to the jury, the record shows
that arraignment was waived by appellant, the indictment meets the requirements of article
21.01 et seq. of the Code of Criminal Procedure, the State announced ready for trial one
day after the date of the indictment, and there is nothing in the record to indicate the racial
makeup of the jury. 

 Finding no arguable grounds to support the appeal, we grant the motion to withdraw
and affirm the judgment of the trial court. 


 John T. Boyd

 Chief Justice


Do not publish.