

# NUMBERS 13-20-00048-CR & 13-20-00049-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE EDWARD OCHOA

**On appeal from the 275th District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Chief Justice Contreras**

In two appellate cause numbers, pro se appellant Edward Ochoa contests the trial court's denial of his petition for writ of habeas corpus. By three issues, appellant argues he was entitled to habeas relief because: (1) the trial court "allowed" attorney Roel Garcia to represent appellant, despite the fact that Garcia "served as the Judge in Pharr, Texas, that issued a warrant for appellant's arrest"; (2) the trial court "fail[ed] to inquire or investigate into" the alleged conflict concerning Garcia; and (3) Garcia provided ineffective assistance due to the alleged conflict. We affirm.

## I. BACKGROUND

On April 3, 2001, a grand jury for the 332nd District Court indicted appellant on one count of aggravated sexual assault of a child younger than fourteen years of age, a first-degree felony, alleged to have occurred on or about May 4, 2000 (the 2001 case). *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (a)(2)(B).[1] Pursuant to a plea bargain, the trial court signed an order on June 18, 2001, deferring adjudication and placing appellant on ten years' community supervision.

On June 18, 2002, a grand jury for the 389th District Court indicted appellant for another count of aggravated sexual assault of a child, allegedly committed against the same victim on the same date (the 2002 case).[2] Again pursuant to a plea bargain, an order was signed on November 26, 2002, deferring appellant's adjudication and placing him on ten years' community supervision.

In both cause numbers, appellant filed a pro se "Request for Writ of Error or in the Alternative a[n] Extraordinary Writ for Relief" (the petition) on December 3, 2018. Appellant argued in the petition that his court-appointed counsel in the 2001 case, Roel Garcia, had a conflict of interest because Garcia "had been serving as a judge in the Pharr . . . Municipal Court" and had issued a warrant for appellant's arrest in the case for which he was eventually indicted in 2002. Appellant argued that Garcia "effectively represented the State of Texas . . . and represented [appellant i]n the same proceeding." He further argued that his convictions must be vacated because the "delayed prosecution" of the 2002 indictment gave the State an "unfair tactical advantage." He contended that

---

[1] Trial court cause number CR-0918-01-E; appellate cause number 13-20-00048-CR.

[2] Trial court cause number CR-1556-02-E; appellate cause number 13-20-00049-CR.

2

his constitutional rights to due process, effective assistance of counsel, and a speedy trial were violated.

Appellant contended that, although he "is not in custody on the above captioned matters," he "continues to suffer an adverse collateral consequence from the above captioned convictions" because he is "currently serving a federal prison sentence" which "has been enhanced nearly ten additional years" based on the two "convictions." In support of his petition, appellant attached copies of the two indictments as Exhibits A and B, as well as a declaration in which he averred as follows:

> That, upon my federal incarceration, I sought and obtained the relevant documents to case #s 1556-02-E and 918-01-E, because these convictions caused me to receive nearly 10 years of additional incarceration.
>
> During the review of my case documents I viewed the warrant for my arrest on Exhibit B [the 2002 case]. The warrant for my arrest was signed by Roel Garcia, who was the presiding judge in Pharr, TX.[3] Yet he represented me on Exhibit A [the 2001 case], thus he was the judge who signed a warrant for my arrest on Pharr, TX case, and the lawyer who represented me on the McAllen case. Which creates a conflict of interest, as these cases were all in Hidalgo County, and the cases are intertwined, and should of [sic] been one single prosecution, of two counts, at the same time, as both the indictments are based on the very same facts.
>
> That, upon being charged on case # 1556-02-E, I was advised by counsel that because I had previously pled guilty to case # 918-01-E, I effectively had no defense to the charges, as the previously gained conviction would be used against me.
>
> That, had I not previously pled guilty to case # 918-01-E, I would not have pled guilty to case # 1556-02-E.
>
> That, had the prosecution not improperly delayed the prosecution of case #1556-02-E, that my counsel's advice regarding the two charges would of [sic] been different and my decision to plead guilty may have also been different.
>
> H[a]d the prosecution not improperly delayed prosecution of case #1556-

---

[3] The warrant allegedly signed by Garcia does not appear in the record. The State does not dispute appellant's allegations concerning Garcia's role in the 2001 and 2002 cases.

02-E, my counsel's plea negotiations would of [sic] likely produced a different result.

That, upon my first arrest on July 24, 2000, it was said to me by McAllen Police, that I also faced charges out of Pharr, TX, which is all under the jurisdiction of Hidalgo County. Yet there was a 14 month delay in the prosecution of case #1556-02-E.

That, I now suffer from these convictions, because the correct federal sentence was enhanced nearly 10 years based on these prior convictions.

That, upon my federal incarceration, I have dil[]igently pursued these case documents for review, and upon review have dil[]igently pursued relief.

That, prior to my federal prison sentence being enhanced, on these convictions, I had no reasonable basis to review these convictions.

The State filed a response arguing: (1) habeas relief should be denied under the doctrine of laches; (2) appellant did not argue that he was "adversely impacted" by the alleged conflict of interest and therefore cannot show ineffective assistance of counsel; (3) appellant's right to a speedy trial was not violated because he pleaded guilty less than three months after being indicted in 2001, and he pleaded guilty less than six months after being indicted in 2002; and (4) appellant cannot establish a viable speedy trial claim because he did not show that he was prejudiced by any delay.

On November 26, 2019, without holding a hearing, the trial court signed orders denying appellant's petition in both cause numbers. The orders contained findings of fact and conclusions of law largely mirroring the arguments made in the State's written response. This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (permitting applicant to appeal of denial of habeas relief).

## II. DISCUSSION

### A. Applicable Law and Standard of Review

Article 11.072 of the Texas Code of Criminal Procedure establishes the procedures

for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. Habeas corpus relief is available only to remedy jurisdictional defects or violations of constitutional or fundamental rights. *Ex parte Ramey*, 382 S.W.3d 396, 397 (Tex. Crim. App. 2012). The applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). The court may deny a habeas application as frivolous "[i]f the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief . . . ." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a).

We review a trial court's decision on an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Garza*, 603 S.W.3d 492, 495 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.); *see Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A court does not abuse its discretion if its ruling lies within the zone of reasonable disagreement. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). We will uphold the judgment if it is correct under any theory of law applicable to the case. *See Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam). In reviewing the habeas court's decision, we consider the evidence presented in the light most favorable to the ruling, regardless of whether the court's findings are implied or explicit, or whether they are based on affidavits or live testimony. *See Ex parte Wheeler*, 203 S.W.3d at 325–26.

B.    Analysis

The State argues that all of appellant's claims were properly denied under the

5

equitable doctrine of laches. The purpose of the doctrine is "to consider whether an applicant has slept on his rights and, if he has, how that has affected the State, and whether, in light of the delay, it is fair and just to grant him relief." *Ex parte Perez*, 398 S.W.3d 206, 218–19 (Tex. Crim. App. 2013). If laches applies, a trial court does not err in denying a habeas petition. *See Ex parte Saenz*, 491 S.W.3d 819, 826 (Tex. Crim. App. 2016). Laches does not apply when: (1) an applicant's delay was not unreasonable because it was due to a justifiable excuse or excusable neglect; (2) the State would not be materially prejudiced as a result of the delay; or (3) the applicant is entitled to equitable relief for other compelling reasons, such as new evidence that shows he is actually innocent of the offense or, in some cases, that he is reasonably likely to prevail on the merits. *Perez*, 398 S.W.3d at 218. To establish material prejudice, the State need not make a "particularized showing of prejudice," but may rely on "anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant." *Id.* at 215 (noting that the common-law definition of prejudice in laches context is "good faith change of position by another to his detriment because of the delay"). When determining whether laches applies, we examine each case on its own facts, considering the totality of the circumstances. *Id.*

Here, appellant's guilty pleas[4] were made in 2001 and 2002, but he did not apply for habeas relief until 2018. The State contends that appellant "proffered no explanation at the trial court level as to the delay in bringing forth his claims"; however, appellant contended in his declaration he "dil[]igently" pursued relief upon discovering that his guilty

---

[4] Appellant repeatedly refers to his "convictions"; however, the record does not contain any indication that appellant was adjudicated guilty on the 2001 or 2002 cases. In its responses in the trial court, the State alleged that appellant was discharged from community supervision in each case after ten years and was not adjudicated guilty.

pleas would be used to determine his punishment in an unrelated federal criminal case, and he argued that he "had no reasonable basis to review" the cases prior to that discovery. In its response to appellant's habeas petition, the State argued without elaboration that "the delay in this case has prejudiced the State in its ability to try the case." Appellant does not address laches in his brief on appeal.

Assuming but not deciding that laches is inapplicable, we nevertheless conclude the trial court did not abuse its discretion in denying appellant's petition.

Appellant's three enumerated issues concern his allegation that Garcia, his court-appointed trial counsel in the 2001 case, had a conflict of interest because Garcia previously issued a warrant for appellant's arrest as a municipal court judge. The Texas Disciplinary Rules of Professional Conduct provide: "A lawyer shall not represent anyone in connection with a matter in which the lawyer has passed upon the merits or otherwise participated personally and substantially as an adjudicatory official or law clerk to an adjudicatory official, unless all parties to the proceeding consent after disclosure." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.11(a). However, to establish a violation of the right to effective assistance of counsel[5] based on counsel's alleged conflict of interest, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). An "actual conflict of interest" exists "if counsel is required to make a choice between advancing his

---

[5] Appellant generally contends that Garcia's conflict of interest caused a deprivation of his Fifth Amendment due process rights; however, he does not provide any argument or cite any authority in support of this proposition. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Stelbacky v. State*, 22 S.W.3d 583, 585 (Tex. App.—Amarillo 2000, no pet.) (noting that "a pro se appellant's brief must comply with the rules of appellate procedure").

client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interest." *Monreal*, 947 S.W.2d at 564 (citing *James v. State*, 763 S.W.2d 776, 779 (Tex. Crim. App. 1989)). Denial of habeas relief is proper when there is "nothing in the record . . . which would indicate that the alleged conflict resulted in ineffective assistance of counsel [or] did in fact render the plea in question involuntary and unintelligent." *Dukes v. Warden*, 406 U.S. 250, 256 (1972).

Appellant did not object to Garcia's appointment at the trial court, and he does not argue that any aspect of Garcia's representation was "adversely affected" due to Garcia's prior service as municipal court judge. Appellant does not allege that Garcia was ever required to make a choice between advancing appellant's interest in a fair trial or advancing other interests to appellant's detriment. *See Monreal*, 947 S.W.2d at 564. Further, although appellant suggests he pleaded guilty in 2002 only as a result of his prior guilty plea in 2001, he does not contend that the 2001 plea was made involuntarily or that Garcia performed deficiently as counsel in any specific way with respect to that case. *See Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (noting that, to obtain a reversal of a conviction on grounds of ineffective assistance of counsel under the Sixth Amendment, "a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding" (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984))).[6] Accordingly, the trial court

---

[6] Appellant further argues, without reference to authority, that "the trial court erred when it fail[ed] to inquire and investigate into the conflict after it was pointed out to the Court." But there is nothing in the record, including appellant's declaration, indicating that the trial court was ever made aware of the conflict or reasonably should have known about it. *See Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980) ("Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.").

did not abuse its discretion by denying habeas relief on grounds of ineffective assistance of counsel. *See Dukes*, 406 U.S. at 256. We overrule appellant's issues.

Appellant also argued in his petition that his right to speedy trial was violated with respect to the 2002 case.[7] *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."). We analyze speedy trial claims "on an ad hoc basis," weighing and balancing (1) the length of the delay, (2) the reason for the delay, (3) the assertion of the right, and (4) the prejudice to the accused. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). "While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right and showing prejudice." *Id.* "The defendant's burden of proof on the latter two factors varies inversely with the State's degree of culpability for the delay." *Id.* (quotation omitted).

With respect to appellant's 2002 case, the indictment was issued on June 18, 2002, and the judgment deferring adjudication and imposing community supervision is dated November 26, 2002. The indictment alleged that the offense occurred on or about May 4, 2000. Appellant stated in his declaration that he was first arrested on July 24, 2000, and that he was informed at that time by McAllen police that he "also faced charges out of Pharr." He summarily contended that, "[ha]d the prosecution not improperly delayed prosecution of [the 2002 case], my counsel's plea negotiations would of [sic] likely produced a different result." Appellant did not address whether he asserted his right to

---

[7] The failure to grant habeas relief on speedy-trial grounds is not one of the enumerated issues in appellant's brief. Nevertheless, the brief includes argument pertaining to the issue. Accordingly, we address it. *See* TEX. R. APP. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *see also Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008) (holding that appellants were "entitled" to appellate review of an issue that was argued in the body of appellants' brief but was not included in appellants' list of "Issues Presented").

speedy trial in the trial court, nor did he discuss the reasons for the delay. *See id.*; *Huff v. State*, 467 S.W.3d 11, 29 (Tex. App.—San Antonio 2015, pet. ref'd) ("In the absence of an explanation, the trial court cannot presume either a deliberate delay by the State in order to prejudice the defendant or a valid reason for the delay.").

Even assuming that the State was entirely at fault for the approximately twenty-eight-month delay between appellant's initial arrest and the 2002 guilty plea, appellant failed to meet his burden to show that he ever asserted his right to speedy trial or suffered any prejudice from the delay. *See Cantu*, 253 S.W.3d at 280; *see also Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013) (noting that preservation requirements apply to speedy-trial claims and explaining that "[w]ithout a requirement of preservation, a defendant would have great incentive not to insist upon a speedy trial and then to argue for the first time on appeal that the prosecution should be dismissed because of delay"). Accordingly, the trial court did not abuse its discretion by denying habeas relief on speedy-trial grounds.

### III.    CONCLUSION

We affirm the trial court's judgments.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
2nd day of December, 2021.