ACCEPTED
01-14-01023-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/2/2015 4:20:48 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-01023-CR

## IN THE COURT OF APPEALS FOR THE FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/2/2015 4:20:48 PM
CHRISTOPHER A. PRINE
Clerk

### CAUSE NO. 10-DCR-055898, COUNT TWO
### 240TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

## STATE OF TEXAS, Appellant

## VS.

## SEAN MICHAEL MCGUIRE, Appellee

---

## STATE'S APPELLATE BRIEF

---

JOHN F. HEALEY, JR.
District Attorney, 268th Judicial District
Fort Bend County, Texas

Jason Bennyhoff
Sherry Robinson
Assistant District Attorneys

Gail Kikawa McConnell
Assistant District Attorney
SBOT #11395400
301 Jackson Street, Room 101
Richmond, Texas  77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State of Texas

--Oral argument requested--

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a)(1)(A), the State supplements Appellant's

list of parties to the trial court's final judgment:

THE STATE OF TEXAS, Appellant

| | |
|---|---|
| John F. Healey, Jr.<br>301 Jackson St<br>Richmond, TX  77469 | District Attorney, 268th Judicial District<br>Fort Bend County, Texas |
| Jason Bennyhoff<br>Sherry Robinson | Assistant District Attorneys<br>at trial |
| Gail Kikawa McConnell<br>Fort Bend County District Attorney's Office<br>301 Jackson Street, Room 101<br>Richmond, Texas 77469 | Assistant District Attorney<br>on appeal |

SEAN MICHAEL MCGUIRE. Appellee

| | |
|---|---|
| Michael W. Elliott<br>905 Front Street<br>Richmond, TX  77469 | Attorney for McGuire |
| Kristen Jernigan<br>207 So Austin Ave<br>Georgetown, TX  78626 | Attorney for McGuire |

i

TRIAL COURT

Hon. Donald Higginbotham                                          Judge Presiding
Assigned Judge                                              at Trial on the Merits
c/o Second Administrative Judicial Region of Texas
301 N. Thompson, Suite 102
Conroe, TX  77301


Hon. Thomas Culver, III                                          Judge Presiding
240th District Court, Fort Bend County                      at the Writ Hearing
301 Jackson St
Richmond, TX  77469

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . viii

REQUEST FOR JUDICIAL NOTICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

POINTS OF ERROR. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Appellee invited error in leaving Count II pending and is estopped from complaining of his wrong. . . . . . . . . . . . . . . . . . . 5

        1.    The double jeopardy clause protects against multiple trials and multiple punishments, not multiple convictions in a single trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.    Article 37.07, Section 1(c) requires a verdict on each count presented by the indictment. . . . . . . . . . . . . . . . . . . . . . . . 7

        3.    A double jeopardy violation by multiple punishments is prevented by issuing mandate on only the greater offense after appellate review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4.    Appellee invited error in requesting only one verdict, and the trial court abused its discretion in allowing Appellee to take advantage of his own wrong.. . . . . . . . . . . . . . . . . . . . . . 9

C.    Final Jeopardy has not attached to either count and there is no double jeopardy bar to a second trial. . . . . . . . . . . . . . . . . . . . . . . . . 9

D.    The State avers that if the conviction for felony murder is affirmed, it will dismiss the charge for intoxication manslaughter upon the receipt of mandate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

iv

# INDEX OF AUTHORITIES

**CASES**                                                                                      **Page**

Abney v. United States,
   431 U.S. 651 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bigon v. State,
   252 S.W.3d 360 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . . . 6-9

Blueford v. Arkansas,
   132 S.Ct. 2044 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Brown v. Ohio,
   432 U.S. 161 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ex parte Cavazos,
   203 S.W.3d 333 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . 6

Ex parte Koester,
   451 S.W.3d 908 (Tex. App.-Houston [1st Dist.] 2014, no pet.). . . . . . . . . . 5

Kniatt v. State,
   206 S.W.3d 657 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . 5

North Carolina v. Pearce,
   395 U.S. 711 (1969), *overruled on other grounds by*
   *Alabama v. Smith*, 490 U.S. 794 (1989). . . . . . . . . . . . . . . . . . . . . . . . . 6

Prystash v. State,
   3 S.W.3d 522 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . 5

Washington v. State,
   326 S.W.3d 701 (Tex. App.--Houston [1st Dist.] 2010, no pet.). . . . . . . . . . 5

Woodall v. State,
   336 S.W.3d 634 (Tex. Crim App. 2011). . . . . . . . . . . . . . . . . . . . . . . . 5

**CONSTITUTIONS**

United States Constitution
      Amendment V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      Amendment XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES AND RULES**

CODE OF CRIMINAL PROCEDURE
      Article 37.07. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

PENAL CODE
      Section 19.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      Section 49.08. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

NO. 01-14-01023-CR

IN THE COURT OF APPEALS FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON, TEXAS

CAUSE NO. 10-DCR-055898, COUNT TWO
240TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

STATE OF TEXAS, Appellant

VS.

SEAN MICHAEL MCGUIRE, Appellee

STATE'S APPELLATE BRIEF

TO THE HONORABLE COURT OF APPEALS:

STATEMENT OF THE CASE

The State appeals the trial court's order of pre-trial habeas relief dismissing

Count II-intoxication manslaughter as a double jeopardy violation after Appellee was

convicted by a jury in Count I-felony murder. Appellee appealed the judgment for

Count I. *McGuire v. State*, No. 01-14-00240-CR. Count II was tried together with

Count I and for the offense of failure to stop and render in Cause No. 11-DCR-

057073, but remained pending after trial because Appellee insisted that only one

guilty verdict or "an acquittal" be returned after consideration of murder, intoxication

manslaughter, DWI-3rd, DWI-2nd, or DWI.

The State appeals the dismissal of Count II at the invitation of the trial court and solely to preserve and/or insure its right to try Appellee on Count II if this Court were to reverse or vacate the judgment for felony murder. By this appeal, the State in no way concedes error in No.01-14-00240-CR or believes it likely to be found, but simply recognizes that several unsettled issues were presented in that appeal.

## STATEMENT OF ORAL ARGUMENT

Whether the trial court erred in dismissing Count II as a double jeopardy violation, is one of law. However, oral argument may be helpful to the Court because of the common concept that the Double Jeopardy Clause protects against "multiple convictions," when its protection prevents multiple trials and multiple punishments for the same offense.

**REQUEST FOR JUDICIAL NOTICE OF THE REPORTER'S RECORD IN NO. 01-14-00240-CR**

With this brief, the State has filed a motion for the Court to take judicial notice of the reporter's record in *McGuire v. State*, No. 01-14-00240-CR. The felony murder in that appeal, was tried together with the intoxication manslaughter in this case and the failure to stop and render aid case also pending on appeal in this Court in No. 01-14-00241-CR. The facts and arguments giving rise to the order at issue here are found in that record.

**POINTS OF ERROR**

Point of Error One: The trial court abused its discretion in allowing Appellee to take advantage of his wrong in insisting that only one verdict be returned when the indictment alleged two counts.

Point of Error Two: The trial court abused its discretion in dismissing Count II when no verdict had been rendered, the judgment in Count I was not final, and the Double Jeopardy Clause did not bar a second trial.

On August 2, 2010, at about 12:40 a.m., Appellee hit a motorcycle, throwing its rider, David Stidman, 214 feet to the side of the road. [5RR82, 86; 6RR74, 119] Mr. Stidman was killed almost instantly. [9RR67] Appellee admitted his intoxication to DPS Trooper Fillmore, and his admission is corroborated by the testimony of Troopers Fillmore, Wiles, and Tomlin. [5RR80, 7RR119-20, 6RR34-35, State's Ex 85 at 3:23-3:41]

A mandatory blood draw was taken under the authority of Section 724.012, Traffic Code. [6RR41, 14RRState's Ex 88] The blood test showed a blood alcohol content of .16, but which could have been 0.0 at the time of the accident. [7RR80, 85]

Appellee was charged in a single indictment with the offenses of felony murder and intoxication manslaughter:

<u>COUNT I</u>

did then and there unlawfully commit or attempt to commit a felony, to wit: Driving While Intoxicated (Third Offense), and in furtherance of the commission, or in immediate flight from the commission of said felony, he committed or attempted to commit an act clearly dangerous to human life, to wit: while driving a motor vehicle on a public street the

---

[1] The record citations to the trial reporter's record are designated [volume"RR"page]. The record citations to the reporter's record of the writ hearing are designated "RR-writ." All references to the clerk's record ("CR") are to the record filed in this cause.

defendant failed to maintain an adequate lookout for traffic and road conditions and by failing to take proper evasive actions, and thus collided with a motorcycle driven by David Stidman causing the death of David Stidman.

## COUNT II

It is further presented that on or about August 2, 2010 in Fort Bend County, Texas the Defendant, Sean Michael McGuire, did then and there unlawfully, by accident and mistake, while operating a motor vehicle in a public place while intoxicated, namely by reason of introduction of alcohol into the defendant's body, and by reason of that intoxication, did then and there cause the death of David Stidman by driving said motor vehicle and striking a motorcycle driven by David Stidman.

[1CR10]

These offense were tried to a jury together with the offense of failure to stop and render aid in Cause No. 11-DCR-057073, the conviction for which is pending in this Court in No. 01-14-00241-CR. [4RR1, 35]

The trial court adopted Appellee's jury charge, instructing the jury to consider "in no particular order" felony murder, intoxication manslaughter, DWI-3rd, DWI-2nd, and DWI. [12RR8, 2CR474-88] The State objected and, pursuant to Article 37.07, requested that the jury be instructed to return a verdict of guilty or not guilty on each count. [12RR25-26] At Appellee's insistence that the State was "asking the Court to engage in a double jeopardy violation," the trial court overruled the State's objection. [12RR18]

The jury convicted Appellee for felony murder and assessed punishment at

2

eighteen years imprisonment and a $5,000 fine. [2CR483, 493] On March 20, 2014, the District Attorney wrote a letter to TDCJ, Classifications and Records, explaining that Count II of the indictment for intoxication manslaughter remained pending because no verdict had been returned. [2CR525-26]

On September 2, 2014, Appellee filed a pre-trial motion for writ of habeas corpus asserting, "Applicant is currently suffering a Double Jeopardy violation because he has already been convicted of murder for causing the death of David Stidman and is currently charged with Intoxication Manslaughter for causing the death of David Stidman." [2CR518-45] The State filed a written response. [2CR539-629]

On December 9, 2014, after hearing the arguments of counsel, and encouraging the State to appeal its order, the trial court granted relief, dismissing Count II, and denying the State's motion to stay. [RR-writ at 1, 14; 1CR635] The State filed its timely notice of appeal. [2CR636-641]

## SUMMARY OF THE ARGUMENT

The Double Jeopardy Clause protects against multiple trials and multiple punishments, not multiple convictions in a single trial. Any double jeopardy violation for multiple punishments can be prevented by the issuance of mandate on only one judgment after appellate review.

The trial court erred in dismissing Count II-intoxication manslaughter as a double jeopardy violation for two reasons:

One, Appellee created his own double jeopardy dilemma by insisting, contrary to statute, that only one verdict should be returned when the indictment alleged two counts. Because he invited error, Appellee was estopped from complaining about the pendency of Count II.

Two, the decision in neither count was final. Appellee appealed the judgment in Count I-felony murder, which remains pending; and no verdict was rendered in Count II-intoxication manslaughter. The record reflects no proof that the pendency of Count II adversely affected Appellee in prison as argued by counsel. And the record shows the State had no intention of addressing Count II until the appeal in Count I became final. Double Jeopardy posed no bar to a second trial.

4

## STATE'S ARGUMENT

The trial court erred in dismissing Count II-intoxication manslaughter.

### A. *The standard of review.*

> We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.--Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

*Ex parte Koester*, 450 S.W.3d 908, 910 (Tex. App.--Houston [1st Dist.] 2014, no pet.).

### B. *Appellee invited error in leaving Count II pending and is estopped from complaining of his wrong.*

The reporter's record of the jury trial reflects that Appellee insisted that the trial court instruct the jury to return one verdict of guilty, thus leaving Count II pending. [12RR26-30] At the writ hearing, the State argued that Appellee "created the situation where he went to trial and ended up without a verdict." [RR-writ at 9]

> The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc). In other words, a party is estopped from seeking appellate relief based on error that it induced. *Id.* "To hold otherwise would be to permit him to take advantage of his own wrong." *Id.*

*Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim App. 2011) (footnote omitted, appellant estopped from complaining of a violation of confrontation rights).

The trial court abused its discretion in allowing Appellee to take advantage of

5

his own wrong.

> 1. *The double jeopardy clause protects against multiple trials and multiple punishments, not multiple convictions in a single trial.*

The Fifth Amendment, applicable to the States under the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V & XIV; *Brown v. Ohio,* 432 U.S. 161, 164 (1977).

> The Fifth Amendment offers three different constitutional protections. First, protection against a second prosecution for the same offense after acquittal. Second, protection against a second prosecution for the same offense after conviction. Third, protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

*Bigon v. State*, 252 S.W.3d 360, 369-70 (Tex. Crim. App. 2008).

The Double Jeopardy Clause does not protect against multiple convictions in a single trial.

Here, felony murder and intoxication manslaughter are not lesser included offenses. The State knows of no Texas case requiring the State to proceed to trial on either felony murder or intoxication manslaughter and not both. Logically, both should be presented to the jury for its consideration:

6

- Felony murder[2] requires two prior convictions for DWI and intoxication manslaughter does not. On this basis, a jury might find that the State failed in its proof of the two prior convictions and convict the defendant of intoxication manslaughter.

- Intoxication manslaughter[3] requires the death to be caused by reason of the intoxication and felony murder does not. On this basis, a jury might find against intoxication manslaughter and find the felony murder.

Thus, to ensure a conviction for either felony murder or manslaughter both offenses must be presented to a jury, and both must be presented to the same jury in a single trial because the "allowable unit of prosecution" is one unit per death. *Bigon*, 252 S.W.3d at 372.

> 2. *Article 37.07, Section 1(c) requires a verdict on each count presented by the indictment.*

At trial, the State objected to the jury charge and requested verdicts on each count pursuant to Article 37.07. [12RR26] At the writ hearing, the State told the trial court that it had requested a verdict in each count and was entitled to those verdicts under Article 37.07. [RR-writ at 9] Article 37.07, Section 1(c) provides in pertinent part:

> If the charging instrument contains more than one count . . . the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them.

---

[2]    Tex. Pen. Code § 19.02(b)(3) (West 2010).

[3]    Tex. Pen. Code § 49.08 (West 2010).

7

Tex. Code Crim. Proc. art. 37.07, § 1(c) (West 2010).

The State was entitled to a jury verdict for each count of the indictment and Appellee invited error by insisting that only one verdict should be rendered.

> 3. *A double jeopardy violation by multiple punishments is prevented by issuing mandate on only the greater offense after appellate review.*

At trial, the State argued that a double jeopardy violation for multiple punishments can be avoided by abandoning the lesser offense as determined under *Bigon*. [12RR16-17] At the writ hearing, the State tendered and argued the test under *Bigon*. [RR-writ at 9-10]

In *Bigon*, the Court of Criminal Appeals resolved a double jeopardy violation in Bigon's conviction for both felony murder and intoxication manslaughter by the "most serious offense test." *Bigon*, 252 S.W.3d at 273. This test is used for policy reasons including that "this test would eliminate arbitrary decisions based upon the order of offenses in the charging instrument, that in most circumstances the State would elect to retain the most serious conviction, and that public safety is insured through the deterrent influence of penalties." *Id.* "[T]he most serious offense is the offense for which the greatest sentence is assessed." *Id.* In *Bigon*, the sentences were the same, so the court looked to the degree of felony to find felony murder the most serious offense and vacated the judgment for intoxication manslaughter. *Id.*

Likewise, in this case, if Appellee had been convicted of both felony murder

and intoxication manslaughter, after appellate review, this Court could apply the most serious offense test to prevent a double jeopardy violation for multiple punishments.

> 4. *Appellee invited error in requesting only one verdict, and the trial court abused its discretion in allowing Appellee to take advantage of his own wrong.*

Contrary to law, Appellee insisted on one verdict. Appellee is estopped from complaining about the pendency of Count II when a verdict should have been rendered at trial.

As shown in the foregoing argument, and as Appellee stated in his application for writ of habeas corpus, "To be sure, the Double Jeopardy Clause protects against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on appeal following final judgment." [2CR520 (quoting *Abney v. United States*, 431 U.S. 651, 660-61 (1977)]

The trial court abused its discretion in allowing Appellee to take advantage of his wrong. Point of Error One should be sustained and Count II reinstated.

> C. *Final Jeopardy has not attached to either count and there is no double jeopardy bar to a second trial.*

At trial, the State objected and asked the trial court to instruct the jury to return a verdict on each count. [12RR25-26] At the writ hearing, the State analogized the failure to return a verdict on Count II to another no verdict scenario--a hung jury, and argued there was no double jeopardy violation in a second trial. [RR-writ at 11]

9

The Double Jeopardy Clause protects against multiple trials and multiple punishments for the same offense. *Bigon*, 252 S.W.3d at 369-70. At the time Appellee brought his application for pre-trial writ, Appellee's pending charge for intoxication manslaughter had not been set for a second trial. Neither multiple trials, nor multiple punishments has occurred in this case.

Appellee appealed his conviction for felony murder (Count I). *McGuire v. State*, 01-14-00240-CR. Appellee's appeal is still pending in this Court and the conviction is not final.

No verdict was rendered for intoxication manslaughter (Count II). Where no verdict is returned, the Double Jeopardy Clause does not bar a second trial on the same offense. *See Blueford v. Arkansas*, 132 S.Ct. 2044, 2050 (2012) (absent a verdict, the foreperson's report of an acquittal for capital murder and murder "was not a final resolution of anything").

The trial court abused its discretion in dismissing Count II as a double jeopardy violation.

> D.    *The State avers that if the conviction for felony murder is affirmed, it will dismiss the charge for intoxication manslaughter upon the receipt of mandate.*

Dismissal of Count II means that if this Court were to find error and reverse or vacate the judgment for felony murder, the State will not be able to present the intoxication manslaughter offense on retrial. Hence, this appeal.

10

However, as shown by the trial record, the State is well aware that it may not retain convictions for both felony murder and intoxication manslaughter. [12RR 11, 17] The State has no intention of prosecuting Appellee for intoxication murder if the judgment for felony murder is affirmed. Therefore, if this Court were to affirm the judgment for felony murder, the State avers it will dismiss Count II upon receipt of the Court's mandate.

The State's points of error should be sustained.

**PRAYER**

The State prays that the trial court's order granting relief be reversed and Count II be reinstated, pending the outcome of the appeal of the judgment in Count I in *McGuire v. State*, 01-14-00240-CR.

Respectfully submitted,

John F. Healey, Jr.
SBOT# 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
Assistant District Attorney
SBOT # 11395400
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the State's Appellate Brief, in total through the prayer, contains 3,673 words as counted by WordPerfect 6X, which is less than the 15,000 word limit for a brief.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the State's appellate brief was served by certified mail, return receipt requested # 7012 3460 0002 4097 9206 on June 2, 2015, on Ms. Kristen Jernigan, Attorney for Appellee, 207 S. Austin Ave., Georgetown, TX 78626.

/s/ Mattie Sanford
Mattie Sanford