### Ex parte Milton W. YOUNG.

### No. 42699.

Court of Criminal Appeals of Texas.

April 29, 1970.

James H. Kreimeyer, El Paso, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

This is an appeal from an order entered in the 34th District Court of El Paso County remanding appellant to custody for extradition to the State of California.

On original submission this cause was affirmed in a per curiam opinion which noted that there was no transcription of the court reporter's notes or bills of exception.

On rehearing appellant has called our attention to a one-page agreed statement of facts with attached exhibits. Our original opinion is thus withdrawn.

The agreed statement of facts reveals that at the habeas corpus proceedings the State introduced into evidence the Executive Warrant of the Governor of Texas and various supporting papers authorizing the arrest and return of the appellant to the State of California to answer charges of Sale of Securities Without Permit and Grand Theft.

The appellant did not testify nor offer any evidence.

█ It is well established that the introduction of the Executive Warrant of the Governor, regular on its face, makes out a prima facie case authorizing extradition. Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185; Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Kronhaus, Tex.Cr. App., 410 S.W.2d 442.

"Once the Governor's Warrant establishing a prima facie case authorizing extradition was placed in evidence, the burden was then upon the appellant to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Fant, Tex. Cr.App., 400 S.W.2d 332." Ex parte Kronhaus, supra.

█ While the State was not bound to introduce the Requisition and other supporting papers, it did so in the case at bar. Nothing in such papers is sufficient to overcome the prima facie case made by the Governor's Warrant. We are not impressed with the claim that the California indictment is not properly certified since the certification form bears a notation at the bottom of the page "DA No. 57579" and the cause number of the indictment is shown to be "CR-17268." Our examination of the record reveals there is no merit to appellant's other claim that the indictment is not "properly authenticated, certified and exemplified."

Appellant's motion for rehearing is overruled; the judgment is affirmed.