**Ex parte William Eugene ROBERTS.**

**No. 45443.**

Court of Criminal Appeals of Texas.

May 3, 1972.

No Attorney on Appeal for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order entered in Criminal District Court of Jefferson County remanding petitioner to custody of the sheriff of Jefferson County for extradition to the State of Oregon.

The executive warrant of the Honorable Preston Smith, Governor of Texas, reciting in substance that appellant stands charged by "affidavit made before a magistrate with a warrant—with the crime of failure to provide support for minor children contrary to O.R.S. 167.605" was introduced into evidence.

Introduction of the executive warrant, regular on its face, made a prima facie case authorizing extradition. Ex parte Young, 455 S.W.2d 287 (Tex.Cr.App. 1970); Ex parte Buel, 468 S.W.2d 385 (Tex.Crim.App.1971). None of the supporting papers was introduced into evidence.

Petitioner has not filed a brief but contends in light of the evidence introduced that he cannot be extradited for a misdemeanor crime. Section 2 of Article 51.13, Vernon's Ann.Code of Criminal Procedure of the State of Texas authorizes extradition of any person charged in the demanding state with "treason, felony, or other crime." The term "other crime" includes a misdemeanor crime. Ex parte Pfouts, 383 S.W.2d 598 (Tex.Cr.App.1964).

Petitioner apparently further contends and complains that since he was not given "a hearing before the Governor of Texas" in regard to the issuance of the

Governor's warrant that he cannot be extradited. The statute does not require any such hearing and such a contention is not sufficient grounds to cause discharge of an accused on habeas corpus to resist extradition. Ex parte Falkman, 162 Tex.Cr.R. 230, 284 S.W.2d 153 (1955).

Petitioner attempted to show he was not "making enough money to pay his child support" and that he would "lose his job" if extradited. This does not constitute any basis for the denial of extradition. Ex parte Jennings, 434 S.W.2d 673 (Tex. Cr.App.1968).

The order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed with the clerk without leave of this Court first being obtained after good cause has been shown.