**Ex parte Marcus K. RANSOM, Applicant.**

**No. 05–86–01289–CR.**

Court of Appeals of Texas, Dallas.

Feb. 3, 1987.

Tena M. Hollingsworth, Dallas, for applicant.

Gary A. Moore, Asst. Dist. Atty., Dallas, for State.

Before GUITTARD, C.J., and ROWE and HECHT, JJ.

PER CURIAM.

Marcus K. Ransom appeals from an order denying his application for a writ of habeas corpus to avoid extradition to the State of Washington, where he failed to report to serve a sentence for robbery. Applicant's sole point of error asserts that he was denied due process of law because no attorney was appointed to represent him before the issuance of the Governor's warrant. We affirm.

In 1981, a jury in Washington found applicant guilty of robbery. He failed to report as directed to serve the penitentiary term of twenty years assessed against him. Applicant was subsequently arrested in Dallas and taken before a magistrate, who advised him of his rights in accordance with article 51.13, section ten, of the Texas Code of Criminal Procedure.[1] According to applicant's testimony, the magistrate refused to appoint him an attorney until the Governor's warrant arrived.

Applicant's sole point of error asserts that he was denied due process of law by the magistrate's refusal to appoint an attorney for him before issuance of the Governor's warrant because applicant lost the benefit of counsel to prevent the Governor from signing the warrant. This argument is based upon the concept that a defendant is entitled to have an attorney at any critical pretrial stage of the prosecution where counsel's absence might derogate from the accused's right to a fair trial. *United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149, 1157 (1967).

■ Section ten of article 51.13 provides that, before a person may be delivered to an agent of the demanding state for extradition, he must be advised of his right to procure legal counsel and to apply for a writ of habeas corpus to test the legality of his arrest under the Governor's warrant. Legal expertise is necessary to raise the issues involved in challenging extradition in habeas corpus proceedings. *Ex parte Taylor,* 531 S.W.2d 333, 334 (Tex.Crim.App. 1975). Therefore, indigents are entitled under this section to have counsel appointed to represent them. *Ex parte Turner,* 410 S.W.2d 639, 641 (Tex.Crim.App.1967).

■ Applicant argues that this right to counsel arises before the issuance of the Governor's warrant because counsel may be able to prevent the Governor from ever executing it. However, the accused is not entitled to be heard by the Governor before he signs the executive warrant. *Ex parte Roberts,* 479 S.W.2d 293, 293–94 (Tex.Crim. App.1972). Representation by counsel before issuance of the Governor's warrant is not essential to providing the accused a fair opportunity to challenge his extradition. That function is performed by the judge who hears the application for a writ of habeas corpus, not by the Governor. Trial counsel in this case stated on the record that he had been appointed in adequate time to file an application for a writ of habeas corpus, and to prepare for the hearing on that application.

■ Since there is no right to be heard by the Governor before he issues his warrant, a lack of representation by counsel at

---

1. All statutory references are to Tex.Code Crim. Proc.Ann. art. 51.13 § 10 (Vernon 1979).

that "stage" of the extradition process does not deny the accused a fair hearing. We hold that applicant was not entitled to have an attorney appointed before issuance of the Governor's warrant. Applicant's point of error is overruled.

AFFIRMED.