**Opinion issued November 13, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00791-CR

———————————

## EX PARTE JEREMY KOESTER, Appellant

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 1984463**

---

## OPINION

Appellant, Jeremy Koester, was arrested pursuant to a Governor's Warrant ordering his extradition to the State of Alabama. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (West 2006). After his arrest, Koester filed an application for a writ of habeas corpus, challenging the legality of his arrest. *See id.* § 10. The trial court granted the application for a writ, held a hearing, and denied Koester's

request for an order discharging him from custody.  *See* TEX. CODE CRIM. PROC. ANN. arts. 11.15, 11.46 (West 2005).  Koester timely filed a notice of appeal.  *See* TEX. R. APP. P. 26.2(a)(1), 31.

We affirm.

## Background

Koester was charged in Alabama with the felony offense of unlawful distribution of a controlled substance.  *See* ALA. CODE § 13A-12-211(a), (b) (Supp. 2014).  As a result, Alabama Governor Robert Bentley requested Koester's extradition to Alabama.  The extradition request was supported by a warrant issued by a magistrate in Alabama.  The warrant was based on a sworn complaint, alleging that Koester, "did . . . unlawfully sell, furnish, give away, deliver or distribute a controlled substance, to-wit: marijuana in violation of 13A-012-211 [sic] of the Code of Alabama . . . ."  *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3.  In response to the extradition request, Texas Governor Rick Perry signed a Governor's Warrant for Koester's extradition, ordering that Koester be returned to Alabama.  *See id.* art. 51.13, § 2.

Shortly thereafter, Koester filed an "Application for Writ of Habeas Corpus."  *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2005).  The trial court denied the relief requested in his application.  Koester timely appealed.

## Standard of Review

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

## Analysis

The Extradition Clause of the United States Constitution, which requires each state to assist other states in recovering fugitives from justice, states:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. CONST. art. IV § 2, cl. 2. The Clause is written in "mandatory language", and "the courts of an asylum state are bound by [it], by [18 U.S.C.] § 3182[1], and, where adopted, by the Uniform Criminal Extradition Act." *Michigan v. Doran*,

---

[1] The federal implementation of the Extradition Clause, codified at 18 U.S.C. § 3182, requires the executive authority of any state to which a fugitive from another state has fled, upon demand of the executive authority of the demanding state and production of a copy of an indictment found or affidavit made before a magistrate, charging the fugitive with treason, a felony, or another crime, that has been certified by the governor of the demanding state, to cause the fugitive to be arrested and to deliver the fugitive to the agent of the executive authority of the demanding state. 18 U.S.C.S. § 3182; *see Michigan v. Doran*, 439 U.S. 282, 287, 99 S. Ct. 530, 534 (1978).

3

439 U.S. 282, 288, 99 S. Ct. 530, 535 (1978) (internal citation omitted). The purpose of the Clause is "to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed" and "to preclude any state from becoming a sanctuary for fugitives from justice of another state." *Id.* at 287, 99 S. Ct. at 534. Interstate extradition pursuant to the Clause is "intended to be a summary and mandatory executive proceeding." *Id.* at 288, 99 S. Ct. at 535.

Texas has adopted the Uniform Criminal Extradition Act, codified as article 51.13, Texas Code of Criminal Procedure, which provides that "it is the duty of the Governor of this State to have arrested and delivered up to the Executive Authority of any other State of the United States any person charged in that State with treason, felony, or other crime, who has fled from justice and is found in this State." TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2; *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 540, 542 n.7 (Tex. Crim. App. 1991).

The introduction of a Governor's Warrant, regular on its face, is sufficient to make out a prima facie case that the constitutional and statutory requirements for extradition have been met. *See Doran*, 439 U.S. at 289, 99 S.Ct. at 535; *Klevenhagen*, 819 S.W.2d at 542. Once a governor has granted extradition, a court considering an application for writ of habeas corpus may only consider four issues: "(a) whether the extradition documents on their face are in order; (b) whether the

4

petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Doran*, 439 U.S. at 289, 99 S.Ct. at 535; *see Klevenhagen*, 819 S.W.2d at 543.  The reviewing court may consider neither possible defenses nor the guilt or innocence of the person charged, nor may the court review the demanding state's determination that probable cause exists for the person's arrest. *See California v. Superior Court of California*, 482 U.S. 400, 407–08, 107 S.Ct. 2433, 2438 (1987); *Doran*, 439 U.S. at 290; 99 S.Ct. at 536; *Klevenhagen*, 819 S.W.2d at 543.

Once the Governor's Warrant, regular on its face, is introduced into evidence, the burden shifts to the accused to show the warrant was not legally issued, was not based on proper authority, or contains inaccurate recitals.  *See Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); *Ibarra v. State*, 961 S.W.2d 415, 417 (Tex. App.—Houston [1st Dist.] 1997, no pet.).  The State is not obligated to offer any of the documents supporting the Governor's Warrant.  *See Cain*, 592 S.W.2d at 362.  The accused opposing extradition may offer into evidence any of the papers that were used to support the warrant in an attempt to show a defect.  *See id.*  The accused may not, however, complain about any of the papers which have not been offered.  *See id.*

Here, Koester argues in his application for writ of habeas corpus that the statute he is charged with violating, section 13A-12-211 of the Alabama Code, "fails to specifically state that" the conduct for which he is charged—delivering or distributing marijuana—"violates Alabama law." Koester therefore appears to argue that the documents accompanying the requisition from the State of Alabama fail to allege a crime against him. If this contention is true, Koester has rebutted the prima facie case and the warrant is not valid. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3 (requiring indictment to "substantially charge the person demanded with having committed a crime under the law of that State"); *Stelbacky v. State*, 22 S.W.3d 583, 587 (Tex. App.—Amarillo 2000, no pet.). However, it is well established that unless the indictment is clearly void,[2] its validity must be determined by the demanding state. *See Ex parte Rosenthal*, 515 S.W.2d 114, 119

---

[2] Prior to 1985, a Texas indictment was "void" if it contained a defect of substance. *See Teal v. State*, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007). In 1985, however, "the citizens of Texas and their legislature resoundingly rejected this hypertechnical case law both by Constitutional amendment and by statute." *Id.* at 176. Now, "all substantive defects in indictments are waiveable under the statutes and these defects do not render the indictment 'void.'" *Id.* at 178. Further, an indictment is not "void" even if it "fails to allege one element of an offense or . . . contains additional information that may indicate innocence." *Id.* at 181. After 1985, it appears that an indictment is "void" only if it fails to constitute an indictment at all because it fails to charge (1) a person, (2) the commission of an offense, or (3) an offense for which the trial court has subject-matter jurisdiction. *Id.* at 179–80. And, because no party has shown to the contrary, we presume indictment law in Alabama is the same as Texas. *See Ibarra v. State*, 961 S.W.2d 415, 417 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

6

(Tex. Crim. App. 1974); *Stelbacky*, 22 S.W.3d at 587; *Ex parte McConnell*, 726 S.W.2d 632, 633 (Tex. App.—Fort Worth 1987, no pet.).

Subsection (a) of section 13A-12-211 of the Alabama Code states: "A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V." ALA. CODE § 13A-12-211(a). Although subsection (c) of Alabama Code section 13A-12-211 identifies specific controlled substances and quantities of those substances for which it constitutes a criminal offense to possess the substance with intent to deliver, subsection (a) contains no such list. *Compare* ALA. CODE § 13A-12-211(a), *with* ALA. CODE § 13A-12-211(c). Instead, subsection (a) states that it is a crime to distribute "a controlled substance enumerated in Schedules I through V," which includes marijuana, a Schedule I substance. *See* ALA. CODE § 13A-12-211(a), § 20-2-23(b)(3)(j) (Supp. 2014).

We therefore find that, contrary to Koester's argument, the documents issued by the State of Alabama substantially charge him with an offense under Alabama law. *See Stelbacky*, 22 S.W.3d at 587–88. Whether Alabama can successfully prosecute Koester is a matter to be determined by a court in that jurisdiction. *See Lucero v. State*, No. 01-12-01010-CR, 2013 WL 1087814, at *3 (Tex. App.—Houston [1st Dist.] Mar. 14, 2013, pet. ref'd); *Stelbacky*, 22 S.W.3d

7

at 588. Consequently, Koester has not rebutted the prima facie case for extradition created by the introduction of the Governor's Warrant in evidence. *See Doran*, 439 U.S. at 289, 99 S. Ct. at 535; *Lucero*, 2013 WL 1087814, at *4.

## Conclusion

Because the documents issued by the State of Alabama charge Koester with a crime and because Koester failed to rebut the prima facie case for extradition, we overrule his sole point of error.

We affirm the judgment.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Publish. TEX. R. APP. P. 47.2(b).