**EX PARTE: Anthony Jason PARRA.**

No. 08-16-00039-CR

Court of Appeals of Texas, El Paso.

August 18, 2017

682

ATTORNEY FOR APPELLANT: Hon. Jaime E. Gandara, Chief Public Defender, 500 E. San Antonio, Suite 501, El Paso, TX 79901.

ATTORNEY FOR STATE: Hon. Jaime E. Esparza, District Attorney, El Paso County Courthouse, 500 E. San Antonio, Suite 201, El Paso, TX 79901.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

After he was initially arrested and confined on a fugitive warrant, and subsequently re-arrested and confined on a Texas Governor's warrant, Anthony Jason Parra applied for writ of habeas corpus challenging his extradition to the State of New Mexico to face criminal charges for arson. Parra challenges the trial court's denial of his writ application on the basis that his delay in receiving appointed counsel and bail contravened Texas law and violated his fundamental due process rights. Parra contests the State's argument that the mootness doctrine applies, and asks that we reverse the trial court's denial of his application for writ of habeas corpus relief and grant him conditional release. We affirm.

## BACKGROUND

The State of New Mexico charged Parra with arson, a third-degree felony offense, and thereafter, Curry County, New Mexico issued a warrant for Parra's arrest. On November 19, 2015, the State of Texas arrested Parra on the New Mexico fugitive warrant, and Parra was taken before a magistrate who advised him of his rights. Parra then requested that the magistrate appoint counsel to represent him, however no appointment of counsel was made at that time, and Parra was placed in custody without bond. Less than 30 days later, on December 8, 2015, the District Attorney in Curry County, New Mexico submitted an application for requisition with the New Mexico Governor's Office and requested that the Governor seek Parra's extradition from Texas.

After Parra's initial arrest and booking in Texas, and in accordance with Sections 15 and 17 of the Uniform Criminal Extradition Act (UCEA), a Texas magistrate re-committed Parra to the El Paso County Jail for 60 days on December 19, 2015, after she determined that Parra had not been arrested pursuant to a Governor's warrant. TEX. CODE CRIM. PROC. ANN. art. 51.13 (West Supp. 2016). Less than thirty days later, on January, 4, 2016, the State of New Mexico initiated its requisition request with the Texas Governor's Office, and on January 11, 2016, the Texas Governor's Office issued a Governor's warrant. Parra was thereafter re-arrested on the Governor's warrant on January 25, 2016, and on that date a magistrate again advised him of his rights. Once more, Parra sought appointment of counsel, and the magistrate appointed counsel on January 29, 2016.

Six days later, on February 4, 2016, Parra's appointed counsel filed an application for writ of habeas corpus. In his application, Parra challenged the validity of his confinement in part because counsel was not appointed until 71 days after his initial arrest, purportedly in violation of section 10 of article 51.13 of the Texas Code of Criminal Procedure, and because he had been held without bond. As relief, Parra sought his discharge from confinement or immediate and reasonable bond.

The trial court heard Parra's habeas corpus application on February 10, 2016. In response to the trial court's request that counsel provide statutory authority mandating that appointment of counsel within 30 days of being held on a governor's warrant issued at the request of a sister state, Parra asserted for the first time that he had a Fourteenth Amendment

right to due process and a Sixth Amendment right to counsel. Parra again argued he was also entitled to have bond set under the UCEA. The trial court explained that in reviewing a Governor's warrant, it was limited to consideration of four issues which it found to have been satisfied, and denied Parra's application for writ of habeas corpus. *See Michigan v. Doran*, 439 U.S. 282, 286-89, 99 S.Ct. 530, 534, 535, 58 L.Ed.2d 521 (1978); *Ex parte Koester*, 450 S.W.3d 908, 911 (Tex.App.—Houston [1st Dist.] 2014, no pet.); *Babb v. State*, 868 S.W.2d 3, 4 (Tex.App.—El Paso 1993, no pet.). The trial court issued its bond order, providing Parra an opportunity to post bail, on March 3, 2016.

## DISCUSSION

 We review the trial court's decision to deny habeas corpus relief for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In conducting our review, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Koester*, 450 S.W.3d at 910. Generally, the trial court's ruling should be upheld if it is supported by the record and is correct under any theory of the law applicable to the case. *Mahaffey v. State*, 316 S.W.3d 633, 637 (Tex. Crim. App. 2010). Appellant bears the burden to prove by a preponderance of the evidence that he is entitled to the relief he seeks. *Kniatt*, 206 S.W.3d at 664.

Article IV, Section 2 of the United States Constitution establishes the basis for extradition of fugitives between states. U.S. Const. art. IV, § 2, cl. 2. The UCEA implements the Extradition Clause and is embodied in Texas Code of Criminal Procedure article 51.13. Tex. Code Crim. Proc. Ann. art. 51.13 (West Supp. 2016); *Ex parte Potter*, 21 S.W.3d 290, 293 n.3 (Tex. Crim. App. 2000); *Ex parte Koester*, 450

S.W.3d at 911. Of the Extradition Clause, the United States Supreme Court has said:

The Extradition Clause was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed. (Citations omitted).

. . .

Interstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2, of the Constitution. (Citations omitted). The Clause never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial.

. . .

Whatever the scope of discretion vested in the governor of an asylum state, cf. *Kentucky v. Dennison*, 65 U.S. 66, 24 How. 66, 107, 16 L.Ed. 717 (1861), the courts of an asylum state are bound by Art. IV, § 2, cf. *Compton v. Alabama*, 214 U.S. 1, 8, 29 S.Ct. 605, 607, 53 L.Ed. 885 (1909), by § 3182, and, where adopted, by the Uniform Criminal Extradition Act. A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. (Citations omitted). Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Doran*, 439 U.S. at 287–89, 99 S.Ct. at 534–35.

*Analysis*

■ Although Parra initially challenged the validity of the Governor's warrant in his application for writ of habeas corpus, he later agreed and admitted during the habeas corpus hearing that the Governor's warrant and its supporting documents were proper. The introduction of a Governor's warrant, regular on its face, is sufficient to make out a prima facie case that the constitutional and statutory requirements for extradition have been met. *Ex parte Koester*, 450 S.W.3d at 911 (citations omitted). The trial court cannot then consider possible defenses, the guilt or innocence of the charged person, nor the demanding state's determination that probable cause exists for the charged person's arrest. *See id.* After a regular-on-its-face Governor's warrant is introduced into evidence, the charged person bears the burden of showing that the warrant was not legally issued, was not based on proper authority, or contains inaccurate recitals. *Id.*

■ The issuance of a Governor's warrant renders moot any complaint regarding confinement by virtue of the fugitive warrant, and we conclude Parra's complaints regarding the magistrates' failure to appoint counsel to assist Parra and to set bond while he was confined under the fugitive warrant are moot. *See Ex parte Worden*, 502 S.W.2d 803, 804-05 (Tex. CrimApp. 1973)(issuance of executive warrant rendered complaints regarding detention under fugitive warrant moot); *Ex parte Preston*, 434 S.W.2d 136, 137 (Tex. Crim. App. 1968)(complaints that fugitive was held in custody in excess of statutory period rendered moot by issuance of Governor's warrant); *Echols v. State*, 810 S.W.2d 430, 431 (Tex.App.—Houston [14th Dist.] 1991, no pet.)(same). While indigent defendants are entitled under article 51.13, section 10 to appointed counsel during the course of extradition proceedings, *Ex parte Turner*, 410 S.W.2d 639, 641 (Tex. Crim. App. 1967), an accused is not entitled to be heard by the Governor before the Governor signs the executive warrant. *Ex parte Ransom*, 726 S.W.2d 203, 204 (Tex.App.— Dallas 1987, no writ). "Representation by counsel before issuance of the Governor's warrant is not essential to providing the accused a fair opportunity to challenge his extradition." *Id.* Instead, the judge who hears the accused's application for writ of habeas corpus performs that function. *Id.* Because an accused has no right to be heard by the Governor before the Governor issues a warrant, an accused's lack of representation by counsel at that stage of the extradition process does not deprive him of a fair hearing. *Id.* at 204-205. Consequently, Parra was not entitled to have an attorney appointed prior to the issuance of the Governor's warrant, and suffered no denial of right to counsel nor denial of due process. *Id.*

The UCEA provides that a person arrested on a fugitive warrant *may* be released on bail, conditioned on his surrender or arrest on the Governor's warrant, but this provision is permissive rather than mandatory. *See* Tex. Code Crim. Proc. Ann. art. 51.13, § 16 (West Supp. 2016); *see, e.g., Ford v. State*, 305 S.W.3d 530, 539 (Tex. Crim. App. 2009)(legislature carefully used term "may" when it intended discretionary acts and procedures, and used terms "must" and "shall" when it intended mandatory acts or procedure). Thus, had the trial court appointed counsel prior to the issuance of the Governor's warrant, there was no guarantee that counsel would have been able to assist Parra in securing his release on bail. Moreover, the court's setting of a bond moots a complaint regarding the denial of bail. *See Ex parte Labue*, 412 S.W.2d 652, 652 (Tex. Crim. App. 1967).

■ On appeal, Parra asks us to apply the capable-of-repetition-while-evading re-

view exception to the mootness doctrine as a basis for reversing the trial court's ruling. However, because he failed to request that the trial court rule on the basis of this legal theory, Parra has failed to preserve this argument for our consideration. TEX. R. APP. P. 33.1(a)(1)(A); *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002).

██ Had Parra presented this theory to the trial court, it would not engender relief because this exception to the mootness doctrine requires that the challenged action be too short in duration to be fully litigated before the cessation or expiration of the act, and also requires a reasonable expectation that the party complaining of the act will be again subjected to the same act. *See Turner v. Rogers*, 564 U.S. 431, 439-40, 131 S.Ct. 2507, 2515, 180 L.Ed.2d 452 (2011), *quoting Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)(per curiam). In the event Parra could have satisfied the first prong of the exception, he has not shown that there is a reasonable expectation that he will at a future time commit a crime in a sister state, and be arrested and held on a fugitive warrant while awaiting issuance of a Governor's warrant and extradition to the other state for the new charged offense. *Id.*; *see, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983)(exception to mootness doctrine applies in rare and exceptional circumstances, and no reasonable likelihood existed that party seeking injunction would be stopped in the future for traffic or other offense or would resist if stopped); *Murphy v. Hunt*, 455 U.S. 478, 481-84, 102 S.Ct. 1181, 1183-84, 71 L.Ed.2d 353 (1982)(no reasonable likelihood that party challenging pre-trial bail would again be situated to demand bail).

The Governor's warrant was not deficient, and Parra has not demonstrated entitlement to the requested habeas corpus relief. Parra's sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed. The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he was informed of his rights to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 25.2(d). A certification bearing electronic signatures of Appellant and his counsel have been filed. To the extent the certification does not comply with Rule 25.2(d), and out of an abundance of caution, this Court ORDERS Appellant's attorney, pursuant to Rule 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX. R. APP. P. 48.4, 68. Appellant's attorney is further ORDERED, to comply with all of the requirements of Rule 48.4.

Hughes, J., not participating