**Opinion issued February 14, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00808-CR

————————————

## EX PARTE RICHARD VINCENT LETIZIA, Appellant

---

## On Appeal from the County Criminal Court at Law No. 5
## Harris County, Texas
## Trial Court Case No. 2112524

---

## MEMORANDUM OPINION

Appellant, Richard Vincent Letizia, appeals the trial court's order denying his application for a writ of habeas corpus challenging his confinement under a governor's warrant for extradition to Florida.[1] We affirm the trial court's order.

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 10(a).

# Background

The record indicates that appellant was charged, in Florida, with the felony offenses of driving while license revoked-habitual offender and forgery. He pleaded nolo contendere to the offenses, was found guilty, and was committed to the custody of the sheriff of Indian River County, Florida for a term of six months to be followed by probation for a period of two years, with the sentences to run concurrently. However, he violated the terms of his probation, and a Florida court set a date for sentencing. Appellant did not appear, he was sentenced in absentia to confinement for five years in the Florida Department of Corrections, and a bench warrant was issued for his arrest.

On July 6, 2016, appellant was arrested in Harris County, Texas. He appeared before a Harris County magistrate and refused extradition to Florida.[2] The State of Florida applied for appellant's extradition to Florida, stating, in part, that "RICHARD VINCENT LETIZIA" had been convicted of felony driving while license revoked-habitual offender, forgery, and giving a false name while arrested or detained, had been placed on probation for driving while license revoked-habitual offender and forgery, had violated the terms of the probation, and was to be found

---

[2]     The record and documents filed in this Court reflect that the trial court appointed counsel to represent appellant. This attorney also represented appellant in the habeas corpus proceeding but the record does not reflect that the trial court appointed counsel to represent appellant in the proceeding on his application for a writ of habeas corpus.

in Texas. The Texas governor's office issued a warrant authorizing extradition of "Richard Vincent Letizia aka Richard V. Letizia aka Richard Letizia."[3] Represented by counsel, appellant then filed his verified application for a writ of habeas corpus, contending that he was unlawfully restrained "under the Uniform Criminal Extradition Act because [he was] not the same person requested in the Governor's Warrant for extradition." He specifically asserted that "the picture in the Governor's Warrant [was] not of [appellant], and the Social Security Number listed [was] not [his] either."

The trial court held a hearing on appellant's application. The State offered, and the trial court admitted with no objection, the governor's warrant and supporting documents. No other documents were offered into evidence, and no testimony was presented. At the hearing, appellant argued that, although "the name does match, the other identifiers do not match," and he was not the person listed in the governor's warrant and should not be extradited to Florida. Specifically, according to appellant, the picture, social security number, and height included in the documents were not his picture, social security number, or height. However, appellant stated that he "remember[ed] being before the judge" and "took sentencing" but "[did not] understand why [he] could have failure to appear for sentencing." The State

---

[3]     *See id.* art. 51.13, § 3.

3

responded that the governor's warrant was "prima facie evidence that it [was] correct" and, "once it [was] admitted [was] good on its face" and "independently sufficient." The trial court denied appellant's requested habeas relief and remanded him to Florida. Appellant timely filed a pro se notice of appeal.[4] And, the trial court set a bond in the amount of $25,000, which appellant posted.

Represented by retained counsel, appellant filed a brief in this Court. After he and the State filed their briefs, appellant's counsel filed a motion to withdraw, representing that appellant had informed counsel that "[a]ppellant no longer wished for [counsel] to represent him in the [appeal]." We granted the motion, abated the appeal, and remanded the case to the trial court to determine the issues regarding appellant's representation on appeal. On May 24, 2017, the trial court held a hearing at which appellant did not appear and then revoked his bond. After a capias was issued and appellant was arrested on February 18, 2018, the trial court held a second hearing regarding appellant's representation on appeal. At that hearing, appellant

---

[4] When appellant appeared in the Harris County trial court, the proceeding was assigned trial court cause number 2100551. Appellant filed his application for a writ of habeas corpus and notice of appeal in that cause number. His habeas corpus proceeding subsequently was docketed as a separate proceeding and assigned cause number 2112524. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005) (explaining habeas corpus action is separate action from proceeding from which it arises); *Ex parte Anderson*, 902 S.W.2d 695, 695 n.1 (Tex. App.—Austin 1995, pet. ref'd) (noting habeas corpus proceeding is separate proceeding and should be given different cause number than criminal case by clerk of court in which habeas corpus proceeding is filed regardless of style or cause number placed on habeas corpus petition).

stated that he would "like to continue on pro se," and the trial court admonished him regarding the dangers and disadvantages of self-representation. Appellant has filed his pro se appellant's brief and reply brief in this appeal, and the State has filed an appellee's brief in response.

## Standard of Review

We review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling and defer to the trial court's implied findings that are supported by the record. *See Washington*, 326 S.W.3d at 704 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006)). The applicant has the burden to prove his claims by a preponderance of the evidence. *Id.* at 706; *Ex parte Graves*, 271 S.W.3d 801, 803 (Tex. App.—Waco 2008, pet. ref'd).

## Discussion

In his first and second issues, appellant contends that his arrest on July 6, 2016 was unlawful and unreasonable and he is not the person identified in the governor's warrant.

Texas has adopted the Uniform Criminal Extradition Act. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13; *Ex parte Koester*, 450 S.W.3d 908, 911 (Tex. App.—

5

Houston [1st Dist.] 2014, no pet.). Under article 51.13, "it is the duty of the Governor of this State to have arrested and delivered up to the Executive Authority of any other State of the United States any person charged in that State with treason, felony, or other crime, who has fled from justice and is found in this State." TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2. Once the governor of the asylum state grants extradition, a person may challenge the extradition only through an application for a writ of habeas corpus. *See id.* art. 51.13, § 10(a); *Ex parte Chapman*, 601 S.W.2d 380, 382–83 (Tex. Crim. App. 1980). And, "[b]ecause extradition is a summary, mandatory executive proceeding, the review undertaken in the habeas corpus proceeding is limited in scope." *Ex parte Rhodes*, 494 S.W.3d 753, 755 (Tex. App.— Houston [14th Dist.] 2016, pet. ref'd). "The 'sole purpose' of habeas corpus review 'is to test the legality of the extradition proceedings.'" *Id.* (quoting *Echols v. State*, 810 S.W.2d 430, 432 (Tex. App.—Houston [14th Dist.] 1991, no pet.)).

Once a governor's warrant has been issued, a court considering release on an application for a writ of habeas corpus can decide only whether (a) the extradition documents on their face are in order, (b) the applicant has been charged with a crime in the demanding state, (c) the applicant is the person named in the request for extradition, and (d) the applicant is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978); *see Ex parte Potter*, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000); *Ex parte Koester*, 450 S.W.3d at 911. The reviewing court may not

6

consider possible defenses or the guilt or innocence of the person charged, and may not review the demanding state's determination that probable cause exists for the person's arrest. *See Ex parte Koester*, 450 S.W.3d at 911.

In his application, appellant asserted that he was "not the same person requested in the Governor's Warrant for extradition," specifically, that "the picture in the Governor's Warrant [was] not of [him], and the Social Security Number listed" was not his social security number. At the hearing on his application, appellant acknowledged that "the name" matched but contended that "the other identifiers" did not match. He asserted that the picture, social security number, and height included in the governor's warrant documents were not his picture, social security number, or height. On appeal, he contends that he is "not the person in the Governor's Warrant identifiers," that is, "[t]he picture, birth date, height, social security number, previous address and list of violations ARE NOT the appellant."

The introduction of a governor's warrant, regular on its face, establishes a prima facie case that the requirements for extradition from this State to another state have been met. *See Doran*, 439 U.S. at 289, 99 S. Ct. at 535; *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 542 (Tex. Crim. App. 1991); *Ex parte Koester*, 450 S.W.3d at 911. Article 51.13, section 3 requires that an extradition request from the demanding state be accompanied by either (1) a copy of an indictment, (2) an information supported by an affidavit, (3) an affidavit made before a magistrate

7

together with a warrant, or (4) a copy of a judgment of conviction or sentence together with a statement the person has escaped from confinement or broken the terms of his bail, probation, or parole. TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3. Each document serves the purpose of demonstrating that the person whose surrender is sought was charged in the regular course of the judicial proceedings of the demanding state. *Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974); *Ex parte Rodriguez*, 943 S.W.2d 97, 99 (Tex. App.—Corpus Christi–Edinburg 1997, no pet.). Once a governor's warrant, regular on its face, is introduced into evidence, the burden shifts to the applicant to show that the warrant was not legally issued, was not based on proper authority, or contains inaccurate recitals. *See Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); *Ex parte Koester*, 450 S.W.3d at 911.

At the hearing on appellant's application for a writ of habeas corpus, the State introduced, and the trial court admitted with no objection, a copy of the governor's warrant with supporting documents. In an "Affidavit in Aid of Extradition," an assistant state attorney in Indian River County, Florida stated that "Richard Vincent Letizia" was charged with the offenses of felony driving while license revoked-habitual offender, forgery, and giving a false name while arrested or detained; pleaded nolo contendere to the charges and was sentenced on February 9, 2006; a "Violation of Probation Report, Affidavit and Warrant" were filed; "[o]n August 4, 2006, [he] admitted to the Violation of Probation, the Judge accepted the

8

admission and sentencing was set for October 05, 2006"; and that day he "was sentenced in absentia" to five years in the Department of Corrections, and a bench warrant was issued for his arrest. The supporting documents also include an "Application for Requisition" in which the same assistant state attorney stated that "Richard Vincent Letizia" had not "completed his sentence" and had been arrested under a fugitive warrant in Texas. Attached to the requisition were certified copies of the Florida trial court documents, including copies of the judgments and sentences, naming Richard Vincent Letizia, for the offenses of driving while license revoked-habitual offender and forgery, and a bench warrant for the arrest of "Letizia, Richard V," issued by a circuit judge of Indian River County, Florida.[5]

"To raise the issue of identity, the [applicant] must deny under oath that he is the person named in the warrant." *Hanks v. State*, 113 S.W.3d 523, 525 (Tex. App.— Houston [1st Dist.] 2003, no pet.). Appellant, therefore, had to make a sworn statement, either through live testimony or an affidavit, denying that he was the person sought by the demanding state, Florida. *See Ex parte Meador*, 597 S.W.2d 372, 373 (Tex. Crim. App. 1980); *Hanks*, 113 S.W.3d at 525. Appellant did not testify at the hearing on his application for a writ of habeas corpus or present any

---

[5]     Each "Violation of Probation" warrant is styled "State of Florida vs. Richard Vincent Letizia" and includes a photograph and a physical description. At the hearing, the trial court had an opportunity to compare the photographs and physical descriptions set out in extradition documents to the physical appearance of appellant at the hearing on his application for a writ of habeas corpus.

evidence, such as his own sworn statement, on the issue of his identity. The allegations in his application for a writ of habeas corpus were not evidence. An "application for the writ, although sworn to, is but a pleading and does not prove itself." *Ex parte Wells*, 332 S.W.2d 565, 565 (Tex. Crim. App. 1960); *see Ex parte Taylor*, 690 S.W.2d 33, 34 (Tex. App.—Beaumont 1985, no pet.) (holding filing of application for writ of habeas corpus, sworn to by appellant, "was not in itself sufficient to raise the issue of identity"); *see also State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) ("[I]n all habeas cases, sworn pleadings are an inadequate basis upon which to grant relief . . . ."). Accordingly, appellant did not meet his burden to show that he was not the person named in the governor's warrant.[6] We overrule the portion of issue two that challenges the denial of the application for a writ of habeas corpus on the basis that he is not the person identified in the governor's warrant.

---

[6] Reporter's records of hearings held after the trial court's ruling on appellant's habeas application have been filed in this proceeding, and appellant has filed numerous affidavits. Although the Texas Rules of Appellate Procedure allow for supplementation of an appellate record, supplementation may not be used to create a new appellate record or develop arguments or evidence not developed during the proceedings leading to the trial court's ruling. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Our review of the record itself is generally limited to the evidence before the trial court at the time of the trial court's ruling. *See Whitehead*, 130 S.W.3d at 872; *see, e.g.*, *Wyss v. State*, No. 03-07-00515-CR, 2008 WL 4093378, at *3 (Tex. App.—Austin Sept. 5, 2008, no pet.) (mem. op., not designated for publication) (explaining affidavits, documents, and other material not supported by record and attached to appellate brief are not considered on appellate review).

In his first issue, appellant contends that his arrest on July 6, 2016 was unlawful and unreasonable, asserting that it was warrantless and without probable cause or exigent circumstances that would allow an arrest without a warrant. Appellant challenges his July 16, 2016 arrest, asserting that the arrest "by the Harris County [Texas] Sheriff Fugitive Task Force was warrantless, with no probable cause without any exigent circumstances to extract [him] using excessive force."[7] He, however, did not raise these challenges to the arrest in his application for a writ of habeas corpus or at the hearing on his application. Thus, the issue was not before the trial court when it considered appellant's application, and the trial court did not have an opportunity to rule on the issue. Because his argument in his application and the hearing on the application differs from the argument that he raises here, appellant did not preserve the argument for our review. *See* TEX. R. APP. P. 33.1; *see also Ex parte Evan*s, 410 S.W.3d 481, 485 (Tex. App.—Fort Worth 2013, pet. ref'd) (declining to consider argument that appellant did not raise in application for writ of habeas corpus in trial court); *see, e.g., Ex parte Yarbrough*, No. 04-15-00672-CR,

---

[7] In part, appellant relies on article 51.03 of the Texas Code of Criminal Procedure, which provides that, "[w]hen a complaint is made to a magistrate that any person within his jurisdiction is a fugitive from justice from another State, he shall issue a warrant of arrest directing a peace officer to apprehend and bring the accused before him." TEX. CODE CRIM. PROC. ANN. art. 51.03. However, article 51.13 provides that "[t]he arrest of a person may be lawfully made also by any peace officer . . . without a warrant upon reasonable information that the accused stands charged in the courts of a State with a crime punishable by death or imprisonment for a term exceeding one year." *Id.* art 51.13, § 14.

11

2016 WL 1588213, at *2 (Tex. App.—San Antonio Apr. 20, 2016, no pet.) (mem. op., not designated for publication) (concluding, because appellant did not present challenge, trial court did not make ruling, and nothing was presented for review on appeal); *Ex parte Mitchell*, No. 04-02-00533-CR, 2002 WL 31890896, at *1 (Tex. App.—San Antonio Dec. 31, 2002, no pet.) (mem. op., not designated for publication) (concluding appellant did not preserve issue that his arrest was illegal when he did not raise issue in trial court). We overrule appellant's first issue.

In his "Issues Presented," appellant includes issues regarding "court appointed attorney," the State's briefing in this Court and actions in the trial court, and the assignment of cause numbers in the trial court. Although referring to the Sixth Amendment of the United States Constitution and a "violation of due process and fundamental fairness," appellant does not present any discussion as to how these issues support reversal of the trial court's denial of his application for a writ of habeas corpus. *See* TEX. R. APP. P. 38.1(i) (providing appellant's brief must contain "clear and concise argument for the contentions made, with appropriate citations to authorities and record"). The rule 38.1 requirement "is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Muhammed v. State*, 331 S.W.3d 187, 195 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). A failure to cite legal authority or provide substantive analysis of a legal issue presented results in waiver of the complaint. *See Stahle v. State,* 970 S.W.2d 682,

12

692 (Tex. App.—Dallas 1998, pet. ref'd.). Accordingly, we conclude that these issues have not been preserved for review in this appeal.

Considering the evidence in the light most favorable to the trial court's ruling, we conclude that appellant has not demonstrated that the trial court abused its discretion in denying his application for a writ of habeas corpus.

**Conclusion**

We affirm the order of the trial court. We dismiss all pending motions as moot.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

13